ACCEPTED
13-15-00059-CV
THIRTEENTH COURT OF APPEAL
CORPUS CHRISTI, TEXAS
3/19/2015 7:39:07 PM
DORIAN RAMIREZ
CLERK

<u>**ORAL ARGUMENT REQUESTED**</u>

**NO. 13-15-00059-CV**

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
3/19/2015 7:39:07 PM
DORIAN E. RAMIREZ
Clerk

# IN THE COURT OF APPEALS
# FOR THE THIRTEENTH DISTRICT
# AT CORPUS CHRISTI, TEXAS

---

**MATHEW ALEXANDER, INDIVIDUALLY AND AS PRESIDENT OF SOUTH TEXAS BRAIN AND SPINE CENTER,**
**Appellant,**

**v.**

**DARLENE GARZA,**
**Appellee.**

---

**On Appeal from County Court at Law No. 1, Nueces County, Texas**
**Cause No. 2012-CCV-61201-1**
**(Hon. Robert J. Vargas)**

---

**BRIEF OF APPELLANT**

---

Respectfully submitted,

**COOPER & SCULLY, P.C.**
**DIANA L. FAUST**
diana.faust@cooperscully.com
Texas Bar No. 00793717
**R. BRENT COOPER**
brent.cooper@cooperscully.com
Texas Bar No. 04783250
**KYLE M. BURKE**
kyle.burke@cooperscully.com
Texas Bar No. 24073089
900 Jackson Street, Suite 100
Dallas, Texas 75202
(214) 712-9500
(214) 712-9540 (fax)

**ATTORNEYS FOR APPELLANT**

NO. 13-15-00059-CV

IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT
AT CORPUS CHRISTI, TEXAS

MATHEW ALEXANDER, M.D., INDIVIDUALLY AND AS PRESIDENT
OF SOUTH TEXAS BRAIN AND SPINE CENTER,
Appellant,

v.

DARLENE GARZA,
Appellee.

On Appeal from County Court at Law No. 1, Nueces County, Texas
Cause No. 2012-CCV-61201-1
(Hon. Robert J. Vargas)

IDENTITY OF PARTIES AND COUNSEL

In accordance with rule 38.1(a) of the Texas Rules of Appellate Procedure,

the following is a list of names and addresses of the parties to the trial court's order

and their counsel:

| | |
|---|---|
| **Appellant:** | Mathew Alexander, M.D., Individually and as President of South Texas Brain and Spine Center |
| **Trial Counsel for Appellant:** | Richard C. Woolsey Woolsey & Associates, P.L.L.C. 555 North Carancahua, Suite 1160 Corpus Christi, Texas 78401-0841 |

i

**Appellate Counsel**
**for Appellant:**                Diana L. Faust
R. Brent Cooper
Kyle M. Burke
Cooper & Scully, P.C.
900 Jackson Street, Suite 100
Dallas, Texas 75202

**Appellee:**                Darlene Garza

**Trial and Appellate**
**Counsel for Appellee:**      Robert C. Hilliard
Catherine D. Tobin
John B. Martinez
T. Christopher Pinedo
Rudy Gonzales, Jr.
Todd A. Hunter, Jr.
Marion M. Reilly
Hilliard Munoz Gonzales, L.L.P.
719 S. Shoreline Blvd., Suite 500
Corpus Christi, TX 78401

ii

NO. 13-15-00059-CV

---

**IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT
AT CORPUS CHRISTI, TEXAS**

---

**MATHEW ALEXANDER, M.D., INDIVIDUALLY AND AS PRESIDENT
OF SOUTH TEXAS BRAIN AND SPINE CENTER,**
Appellant,

**v.**

**DARLENE GARZA,**
Appellee.

---

**On Appeal from County Court at Law No. 1, Nueces County, Texas
Cause No. 2012-CCV-61201-1
(Hon. Robert J. Vargas)**

---

**REQUEST FOR ORAL ARGUMENT**

---

Appellant Mathew Alexander, M.D., Individually and as President of South Texas Brain and Spine Center respectfully requests oral argument in this case and believes it will help the Court in evaluating the case and resolving this appeal. TEX. R. APP. P. 39.1, 39.7.

# TABLE OF CONTENTS

**Page**

IDENTITY OF PARTIES AND COUNSEL ................................................................... i

REQUEST FOR ORAL ARGUMENT .................................................................... iii

TABLE OF CONTENTS .................................................................................. iv

TABLE OF AUTHORITIES ............................................................................ vi

STATEMENT OF THE CASE ..............................................................................x

ISSUES PRESENTED.................................................................................. xii

STATEMENT OF FACTS ...................................................................................1

      A.    Appellee's Allegations.......................................................................1

      B.    Appellee's Motion for Substituted Service.............................................2

      C.    Appellant's Motions to Dismiss.........................................................3

      D.    May 8, 2013 Hearing on Motion to Dismiss .........................................4

      E.    Appellant's Supplemental Brief in Support of Second Motion to Dismiss ...............................................................................5

      F.    January 6, 2015 Hearing on Motion to Dismiss, Ruling, and Appeal ...............................................................................6

SUMMARY OF THE ARGUMENT .........................................................................8

ARGUMENT AND AUTHORITIES .....................................................................10

I.    Appellee Failed To Timely Serve Chapter 74 Expert Reports .....................10

      A.    Standards of Review .................................................................10

            1.    Section 74.351 Motions to Dismiss .......................................10

       2.     Findings of Fact and Conclusions of Law ...............................12

  B.    Chapter 74 Expert Report Requirement ............................................13

  C.    Expert Report Not Timely Served.......................................................13

       1.     Appellee Named and Sued Dr. Mathew Alexander in Original Petition ........................................................................14

       2.     Report Faxed After 5:00 p.m. on Last Day of 120-day Period Is Untimely ...................................................................23

CONCLUSION & PRAYER ...................................................................................26

CERTIFICATE OF COMPLIANCE ......................................................................28

CERTIFICATE OF SERVICE................................................................................29

APPENDIX TO BRIEF OF APPELLANT ............................................................30

# TABLE OF AUTHORITIES

**Case**                                                                        **Page(s)**

*BMC Software Belgium, N.V. v. Marchand*,
83 S.W.3d 789 (Tex. 2001) ............................................................................ 12

*Burchinal v. PJ Trailers-Seminole Mgmt. Co., LLC*,
372 S.W.3d 200 (Tex. App.—Texarkana 2012, no pet.) ................................. 19

*Cameron County Drainage Dist. No. 5 v. Gonzales*,
69 S.W.3d 820 (Tex. App.—Corpus Christi 2002, no pet.) ........................12, 22

*Chilkewitz v. Hyson*,
22 S.W.3d 825 (Tex. 1999) ............................................................................ 15

*Christus Spohn Health Sys. Corp. v. Lopez*,
No. 13-13-00165-CV, 2014 WL 3542094
(Tex. App.—Corpus Christi July 17, 2014, no pet.) ....................................... 23

*City of Keller v. Wilson*,
168 S.W.3d 802 (Tex. 2005) ......................................................................12, 22

*Cox v. Union Oil Co. of California*,
917 S.W.2d 524 (Tex. App.—Beaumont 1996, no writ) ................................. 15

*Douglas v. KPH Consolidation, Inc.*,
No. 14-12-01016-CV, 2013 WL 5883852
(Tex. App.—Houston [14th Dist.] Oct. 31, 2013, no pet.) .............................. 15

*Downer v. Aquamarine Operators, Inc.*,
701 S.W.2d 238 (Tex. 1985) .......................................................................... 11

*Enserch Corp. v. Parker*,
794 S.W.2d 2 (Tex. 1990) .............................................................................. 14

*Espeche v. Ritzell*,
123 S.W.3d 657 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) ............ 17

*Harris Methodist Fort Worth v. Ollie*,
342 S.W.3d 525 (Tex. 2011) .......................................................................... 10

*In re Greater Houston Orthopaedic Specialists, Inc.*,
   295 S.W.3d 323 (Tex. 2009) ..................................................................14, 21

*In re Markowitz*,
   No. 10-10-00116-CV, 2010 WL 2683067
   (Tex. App.—Waco July 7, 2010, no pet.) ........................................... 15

*In re Prudential Ins. Co. of Am.*,
   148 S.W.3d 124 (Tex. 2004) (orig. proceeding) ............................... 12

*Jaffe Aircraft Corp. v. Carr*,
   867 S.W.2d 27 (Tex.1993) ............................................................. 12

*Kadish v. Pennington Assoc., L.P.*,
   948 S.W.2d 301 (Tex. App.—Houston [1st Dist.] 1995, no writ) .................... 17

*Krishnan v. Ramirez*,
   42 S.W.3d 205 (Tex. App.—Corpus Christi 2001, pet. denied) ........................ 17

*Larson v. Downing*,
   197 S.W.3d 303 (Tex. 2006) (per curiam) ........................................... 11

*Lone Star HMA, L.P. v. Wheeler*,
   292 S.W.3d 812 (Tex. App.—Dallas 2009, no pet.) ..................................21, 22

*McAllen Police Officers Union v. Tamez*,
   81 S.W.3d 401 (Tex. App.—Corpus Christi 2002, pet. dism'd ........................ 12

*Nexion Health at Beechnut, Inc. v. Paul*,
   335 S.W.3d 716 (Tex. App.—Houston [14th Dist.] 2011, no pet.)........11, 24, 25

*Ogletree v. Matthews*,
   262 S.W.3d 316 (Tex. 2007) ........................................................ 13

*Otero v. Alonzo*,
   No. 13-10-00304-CV, 2011 WL 765673
   (Tex. App.—Corpus Christi Mar. 3, 2011, no pet.) ..................................13, 23

*Salinas v. Dimas*,
   310 S.W.3d 106 (Tex. App.—Corpus Christi 2010, pet. denied) ...................... 23

*State Bar of Tex. v. Heard*,
603 S.W.2d 829 (Tex.1980) .............................................................. 17

*Stockton v. Offenbach*,
336 S.W.3d 610 (Tex. 2011) ..........................................................10, 11

*Thoyakulathu v. Brennan*,
192 S.W.3d 849 (Tex. App.—Texarkana 2006, no pet.)...........................24, 25

*Union Pac. Corp. v. Legg*,
49 S.W.3d 72 (Tex. App.—Austin 2001, no pet.) ........................................ 18

*Univ. of Tex. Health Sci. Ctr. v. Gutierrez*,
237 S.W.3d 869 (Tex. App.—Houston [1st Dist.] 2007, pet. denied)............... 11

*Walker v. Packer*,
827 S.W.2d 833 (Tex. 1992) ..........................................................11, 12

*Zanchi v. Lane*,
408 S.W.3d 373, 375 (Tex. 2013) ....................................................... 18

## Statutes                     Page(s)

TEX. CIV. PRAC. & REM. CODE §§ 74.001-.057 (Vernon 2011) ............................. x

TEX. CIV. PRAC. & REM. CODE § 74.351(a) (Vernon 2011) .......................13, 14, 23

TEX. CIV. PRAC. & REM. CODE § 74.351(b)........................................13, 26

## Rules                     Page(s)

TEX. R. APP. P. 39.1 ..................................................................... iii

TEX. R. APP. P. 39.7 ..................................................................... iii

TEX. R. CIV. P. 21a (1990) ...........................................................23, 24

TEX. R. CIV. P. 71 ........................................................................ 17

## Other Authorities             Page(s)

Act of May 24, 2013, 83rd Leg., ch. 870 (H.B. 658), § 2, eff. Sept. 1, 2013 ........ xii

**IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT
AT CORPUS CHRISTI, TEXAS**

**MATHEW ALEXANDER, INDIVIDUALLY AND AS PRESIDENT OF
SOUTH TEXAS BRAIN AND SPINE CENTER,**
Appellant,

**v.**

**DARLENE GARZA,**
Appellee.

**On Appeal from County Court at Law No. 1, Nueces County, Texas
Cause No. 2012-CCV-61201-1
(Hon. Robert J. Vargas)**

**BRIEF OF APPELLANT**

**TO THE HONORABLE JUSTICES OF THE THIRTEENTH COURT OF APPEALS:**

Appellant Mathew Alexander, M.D., Individually and as President of South Texas Brain and Spine Center ("Dr. Alexander" or "Appellant") submits this Brief of Appellant, in accordance with Rules 9.4 and 38 of the Texas Rules of Appellate Procedure and all local rules of this Court. In support of this appeal from the denial of Appellant's Second Motion to Dismiss, Appellant respectfully alleges as follows:

# STATEMENT OF THE CASE

This is a medical malpractice case governed by Chapter 74 of the Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE §§ 74.001-.507 (Vernon 2011) ("Chapter 74" or "TMLA"). On June 19, 2012, Darlene Garza ("Ms. Garza" or "Appellee") filed this health care liability claim against Dr. Alexander, and various other Defendants,[1] alleging that the Defendants were negligent in their care and treatment of Appellee. (CR 7-24).[2] Appellee amended her petition on June 27, 2012. (CR 27-44). On October 31, 2012, Appellant filed his Motion to Dismiss and Objections to Plaintiff's Expert Report of J. Martin Barrash, M.D. Pursuant to Tex. Civ. Prac. & Rem. Code § 74.351 (CR 85-148), and on November 28, 2012, filed his Second Motion to Dismiss, alleging that Appellee had not timely served her Chapter 74 expert report. (CR 170-198). On May 1, 2013, Appellee filed her Response to Appellant's Second Motion to Dismiss (CR 209-216), and on May 3, 2012, filed her Amended Response to Appellant's Motion to Dismiss and Objections to Chapter 74 Expert Report (CR 220-231). On May 8, 2012, Appellant filed a Reply to Appellee's Response to

---

[1]    Defendant Christus Spohn Health System d/b/a Christus Spohn Hospital Corpus Christi – Shoreline was dismissed from the case on July 30, 2014 (CR 377), Defendant Melissa Macias, M.D. was dismissed on January 9, 2015 (CR 408), and Defendant South Texas Brain and Spine Center was dismissed on February 6, 2015. (SCR 4).

[2]    Appellant will cite the clerk's record as (CR [page #]), the supplemental clerk's record as (SCR [page #]), the reporter's record as ([volume #] RR [page #]), and the appendix as (Apx. [Tab letter]).

Second Motion to Dismiss.  (CR 255-261).  On May 8, 2013, the trial court held a hearing on Appellant's Motion to Dismiss, and after considering the arguments of counsel, took the matter under advisement.  (2 RR 54).

On July 9, 2014, Appellant filed a Supplemental Brief in Support of Second Motion to Dismiss (CR 329-69), arguing that Appellant established that Appellee did not serve the expert report by October 17, 2012.  (CR 338).  Appellee responded.  (CR 395).  On January 6, 2015, the trial court held a second hearing on Appellant's Second Motion to Dismiss, whereupon, after hearing the arguments of counsel, the court once again took the matter under advisement.  (3 RR 55).  Following the hearing, the district court signed an Order denying Appellant's Second Motion to Dismiss.  (CR 407).  Appellant timely filed his Request for Findings of Fact and Conclusions of Law (CR 427-31), and on February 17, 2015, the trial court issued its Findings of Fact and Conclusions of Law (SCR 16-20).  Appellant timely filed his Notice of Accelerated Appeal.  (CR 434-36).

# ISSUES PRESENTED

1. The trial court abused its discretion in denying Dr. Alexander's Second Motion to Dismiss. This issue necessarily includes the following sub-issues:

a. Chapter 74 expert reports must be served within 120 days of the original petition.[3] Dr. Mathew Alexander was sued in the Original Petition filed June 19, 2012. He is described as a party and as the agent for South Texas Brain and Spine Center. Appellee may have misnamed him as "Dr. Lamar Alexander" at places in the petition, but the Original Petition and Appellee's pre-suit notice letters make clear that she intended to sue Dr. Mathew Alexander. Thus, Appellee's deadline for service of expert reports was October 17, 2012, the 120th day after Appellee filed the Original Petition. The trial court erred in concluding otherwise.

b. Chapter 74 expert reports faxed after 5:00 p.m. on the last day of the 120-day period are considered served the next day under Rule 21a and are thus untimely. It is undisputed that Appellee faxed the report after 5:00

---

[3] In 2013, the Legislature amended section 74.351(a) to require service of the expert report within 120 days of the defendant's answer. *See* Act of May 24, 2013, 83rd Leg., ch. 870 (H.B. 658), § 2, eff. Sept. 1, 2013. However, this suit was filed in June 2012 and is thus governed by the prior version of the statute, which requires service of the report within 120 days following the filing of the original petition. Unless otherwise noted, all references to Chapter 74 and its individual sections refer to the 2011 version applicable to this suit.

p.m. on October 17, 2012; thus, the report was served on October 18, 2012—one day late. The trial court erroneously concluded that Appellee's expert report was timely served.

      c.      Findings of Fact numbers 3, 4, 5, and 8, and Conclusion of Law number 18 are supported by legally and factually insufficient evidence, and Conclusion of Law number 18 is legally erroneous, where examining the entire contents of the Original Petition as well as the additional evidence submitted conclusively established that Dr. Mathew Alexander was named and sued in the Original Petition, such that the section 74.351 expert report was actually served on October 18, 2012, the 121st day following the filing of the Original Petition.

## STATEMENT OF FACTS

### A.    Appellee's Allegations

On June 19, 2012, Appellee filed her Original Petition asserting claims related to injuries she alleged resulted from spinal surgery performed by co-defendant Dr. Stefan Konasiewicz.  (CR 7-24).  Appellee brought claims of negligence and gross negligence against Dr. Alexander, based on alleged improper hiring of Dr. Konasiewicz.  (CR 12-15).  Further, Appellee asserted that when Appellant hired Dr. Konasiewicz, he was, or with minimal diligence would have been, aware of Dr. Konasiewicz's long history of alleged malpractice.  (*Id.*). Appellee alleged that Appellant had a legal duty to his patients to hire employees who could be trusted to competently and safely perform the complicated and delicate surgeries his patients relied on him for, and by either failing to properly inquire into Dr. Konasiewicz's qualifications or by ignoring the results of the inquiry, Appellant breached his duty to hire competent employees.  (CR 13-14). Further, Appellee alleged that Appellant negligently misrepresented Dr. Konasiewicz as a competent and reliable surgeon, and failed to properly inform his patients of Dr. Konasiewicz's history, and by hiring him and allowing him to perform surgery on Appellee, Appellant violated the trust.  (*Id.*).

### B.    <u>Appellee's Motion for Substituted Service</u>

On August 29, 2012, Appellee filed a TRCP 106 Motion for Substituted Service advising the trial court that Appellee's First Amended Petition and Request for Discovery had not been delivered on Appellant because the process server had been unable to locate Appellant at his place of work located at 1227 3rd Street, Corpus Christi, Texas 78404, and moving the court to authorize substituted service. (CR 48-50). On September 18, 2012, the trial court signed a TRCP 106 Order for Substituted Service, which ordered:

> On the Motion presented and the supporting affidavit attached from the Process Server stating the Defendant Mathew Alexander subjects usual place of work located at 1227 3rd Street, Corpus Christi 78404 can be found and stating specifically the facts showing that service has been attempted under T.R.C.P. 106(b) and service at the address listed above will be reasonably effective to give notice of this suit by delivering a true copy of the documents:
>
> Citation and Plaintiff's First Amended Petition and Request for Discovery
>
> attached to anyone over 16 years of age or by attaching a true copy of the citation and petition securely to the front door entry way. If the property is protected by a fence, by attaching to the entry gate or to the Security Guard if the gate is staffed at the address listed above, which will be reasonably effective to give notice of this suit.
>
> It is further ordered that the return of the Process Service be endorsed on or attached to the citation, stating when and how the citation was delivered, and be signed by the Process Server, also the Process Server is to make due return in accordance with the Texas Rules of Civil Procedure Rule 107. That any future service on this Defendant in this cause may be accomplished in the same manner.

(CR 55).

### C. Appellant's Motions to Dismiss

On October 31, 2012, Appellant filed his Motion to Dismiss and Objections to the Expert Report of J. Martin Barrash, M.D. Pursuant to Tex. Civ. Prac. & Rem. Code § 74.351., arguing that Appellee's claim against Appellant should be dismissed because the required 120-day expert report of J. Martin Barrash, M.D. failed to correctly address the elements required by section 74.351. (CR 85-101).

Appellant filed his Second Motion to Dismiss on November 28, 2012, and argued that Appellee's tender of the expert report of Dr. Barrash by facsimile after 5:00 p.m. on October 17, 2012 meant it was served on October 18, 2012, making it one day late. (CR 170-98). Appellant attached a number of exhibits establishing that the report was faxed around 6:30 p.m. on October 17, 2012. (CR 175-98). Therefore, under Section 74.351(b), the court was required to dismiss Appellee's claims against Appellant and award reasonable attorney's fees and costs. (CR 170-71).

Appellee responded to Appellant's Second Motion to Dismiss and Objections on May 1, 2013, in which she argued that the first pleading to assert claims against Defendant Dr. Mathew Alexander was Plaintiff's First Amended Petition filed on June 27, 2012. (CR 209). Further, Appellee argued that nothing contained in section 74.451(a)'s 120-day deadline required her to serve an expert

report on Dr. Alexander before she made him a party to the suit. (CR 210-12).

Appellant filed a Reply to Appellee's Response to Second Motion to Dismiss, asserting that Appellee sued Dr. Mathew Alexander in the Original Petition, that the case was one of misnomer, not misidentification, and that even if misidentification were involved, there is no exception for failing to timely serve an expert report. (CR 255-261).

### D.   May 8, 2013 Hearing on Motion to Dismiss

On May 8, 2013, the trial court held a hearing on the Dr. Alexander's motion to dismiss. (2 RR 5-56). Appellant argued that while Appellee's June 19, 2012 Original Petition addressed "Dr. Lamar Alexander" in the style of the case, Appellant's name was Mathew Alexander, that he is the president of the South Texas Brain and Spine Institute, and Appellee requested service on Appellant in the petition. (2 RR 24). Further, in the "Parties" section of the Original Petition, Appellee pleaded:

> Defendant Dr. **Mathew** Alexander is a resident of the state of Texas. He can be served through his Attorneys, McKibben, Woolsey, and Villareal, LLP at 555 N. Carancahua St. #1100 Corpus Christi, TX 78401.

(CR 8; 2 RR 24) (emphasis added). And in paragraph 2.5, the Original Petition stated that South Texas Brain and Spine Center is a professional association incorporated in the State of Texas, and "can be served through its registered agent, Dr. **Mathew** Alexander, at 1227 3rd St., Corpus Christi, Texas 78404-2313." (*Id.*)

(emphasis added). Appellant argued there was no question that Appellee knew who she was suing, and that it was a case of misnomer, and not a misidentification issue. (2 RR 25). Appellant argued that Appellee was to serve the expert report within 120 days; however, Appellee served the report on the 121st day and therefore, it was mandatory that the court dismiss the case. (2 RR 25). Appellee argued that due diligence should apply such that the report was timely. (2 RR 27-29). Appellee also urged that Appellant was served with the Chapter 74 expert report within 120 days of naming Mathew Alexander in the amended petition. (2 RR 29). At the conclusion of the hearing, the trial court indicated it would take the matter under advisement. (2 RR 54).

**E.    Appellant's Supplemental Brief in Support of Second Motion to Dismiss**

On July 9, 2014, Appellant filed a Supplemental Brief in Support of Second Motion to Dismiss. (CR 329-369). Appellant argued that Appellee's expert report and curriculum vitae were due to be served by October 17, 2012, 120 days from the filing of the Original Petition on June 19, 2012. (CR 332). Additionally, even though Appellee asserted that the expert report was not due to be served until 120 days after she filed the First Amended Original Petition on June 27, 2012, she knew who she sued and did so in the Original Petition. (*Id.*). Appellant argued that Appellee may have misnamed a party—calling Appellant Dr. "Lamar Alexander" in several places in the Original Petition—but the correct parties were involved.

(*Id.*). Appellant also provided as evidence Appellee's pre-suit notice letter and authorization forms for release of health information—sent in an attempt to comply with section 74.051-052 of the Civil Practice and Remedies Code—which clearly illustrated that Appellee intended to sue Appellant. (CR 333, 342-47). And, because Appellee served a report by facsimile at approximately 6:30 p.m. on the final day for serving reports, under Rule 21a, Appellee served her report one day late. (CR 336-38).

Appellee responded, arguing that October 25, 2012 was the 120th day after the pleading first naming Dr. Mathew Alexander—Plaintiff's First Amended Petition dated June 27, 2012; therefore, her expert report was timely served on October 17, 2012 at 6:28 p.m. (CR 397). Additionally, Appellee argued that due diligence concepts should apply such that her report was timely even if served after 5:00 p.m. (CR 398-400).

### F. January 6, 2015 Hearing on Motion to Dismiss, Ruling, and Appeal

On January 6, 2015, the Hon. Robert J. Vargas held a hearing on Appellant's Second Motion to Dismiss (3 RR 5-57). Appellant argued that the correct party in the case, Dr. Mathew Alexander, had been sued, as he was named as a party in paragraphs 2.4 and 2.5 of the June 19, 2012 Original Petition; therefore, Appellee's expert report was due to be served by October 17, 2012. (3 RR 45). Appellee served her expert report to Appellant on October 17, 2012, at 6:29 p.m. to 6:32

p.m.; therefore, Appellant argued that under Rule 21a, if a report is received via facsimile after 5:00 p.m., it is deemed served the next day, and the court should dismiss the case with prejudice. (3 RR 46, 48). Appellee argued that review of the factual allegations and the claims or causes of action, "Lamar Alexander" was accused of medical negligence, and Appellee saw her mistake and corrected it through an amended petition, which was filed on June 27, 2012. (3 RR 49). Additionally, Appellee argued that Mathew Alexander was never served with the original petition, that he received the first amended petition, which correctly asserted Dr. Mathew Alexander. (3 RR 50). Appellant argued that whether Dr. Mathew Alexander was served with the Original Petition is not dispositive; he was named as a party defendant and sued in that petition. (3 RR 52-53).

Following the arguments of counsel, the trial court took the matter under advisement (3 RR 55), and on January 8, 2015, signed an Order denying Appellant's Second Motion to Dismiss. (CR 407). Appellant requested findings of fact and conclusions of law on January 16, 2015 (CR 427-31), and Appellee filed her Proposed Findings of Fact and Conclusions of Law on January 28, 2015. (CR 443-49). The trial court filed its findings of fact and conclusions of law on January 17, 2015. (SCR 16-20). Appellant timely filed his notice of appeal. (CR 434-36).

## SUMMARY OF THE ARGUMENT

Appellee failed to timely serve a Chapter 74 expert report, entitling Appellant to dismissal under the statute. This is a health care liability claim governed by Chapter 74 of the Texas Civil Practice and Remedies Code, which requires the claimant to serve an expert report and curriculum vitae upon the defendant within 120 days following the filing of the Original Petition. Rule 21a governs the service of Chapter 74 reports. Appellee filed her Original Petition on June 19, 2012; therefore, her expert report should have been served by October 17, 2012. But Appellee did not serve a report by that date.

The record established that Appellee sued Dr. Mathew Alexander in the Original Petition filed on June 19, 2012, even if Appellee mistakenly named him "Dr. Lamar Alexander" within various allegations within that pleading. Examining the Original Petition, Appellee named Dr. Mathew Alexander as a party to the suit, listed his attorneys for service of process, and alleged that Dr. Mathew Alexander was the agent for a co-defendant, South Texas Brain and Spine Center. Appellee also sent pre-suit notice letters specifically naming and describing Dr. Mathew Alexander and the claims Appellee intended to pursue against him. Appellee intended to sue Dr. Mathew Alexander, the president of South Texas Brain and Spine Center. Appellee's use of "Dr. Lamar Alexander" is nothing more than a misnomer, which does not affect the date the Original Petition was filed.

Because Appellee sued Dr. Mathew Alexander in the Original Petition, Appellee's deadline for service of Chapter 74 expert reports was October 17, 2012, rendering findings of fact numbers 3, 4, 5, and 8 and conclusion of law number 18 supported by legally and factually insufficient evidence, as well as rendering conclusion of law number 18 legally erroneous.

It is undisputed that Appellee did not serve an expert report by October 17, 2012. Appellee faxed a report around 6:30 p.m. on that date, but under Rule 21a, service by fax after 5:00 p.m. is considered served the next day, here October 18, 2012. Texas courts hold that a Chapter 74 report faxed after 5:00 p.m. on the last day of the 120-day period is late, requiring dismissal under the statute. Appellee served the expert report one day late.

Therefore, the trial court erroneously concluded that the first time Dr. Mathew Alexander was named and sued as a defendant was June 27, 2012, with the filing of the First Amended Petition, such that service of the expert report by fax on October 18, 2012 was timely. The trial court abused its discretion in denying Appellant's Second Motion to Dismiss. This Court should reverse the trial court's order, dismiss Appellee's suit with prejudice, and remand to the trial court for determination of Appellant's reasonable attorney's fees and costs of court.

## ARGUMENT AND AUTHORITIES

The trial court abused its discretion in denying Appellant's Second Motion to Dismiss. Appellee filed her Original Petition asserting claims against Dr. Mathew Alexander and South Texas Brain and Spine Center on June 19, 2012. Appellee's deadline for serving Chapter 74 reports was October 17, 2012. There is no dispute that she did not serve expert reports by that date. Thus, Appellant was entitled to dismissal under the statute. This Court should reverse the trial court's order, dismiss Appellee's suit with prejudice, and remand for a determination of Appellant's reasonable attorney's fees and costs of court.

## I. Appellee Failed To Timely Serve Chapter 74 Expert Reports

### A. Standards of Review

#### 1. *Section 74.351 Motions to Dismiss*

A trial court's determination of whether to dismiss a case for failure to timely serve an expert report pursuant to section 74.351 of Texas Civil Practice and Remedies Code generally is reviewed for abuse of discretion. *See Harris Methodist Fort Worth v. Ollie*, 342 S.W.3d 525, 527 (Tex. 2011) (interpreting chapter 74 of the Texas Civil Practice and Remedies Code). Under an abuse of discretion standard, the appellate court defers to the trial court's factual determinations if they are supported by evidence, but reviews the trial court's legal determinations de novo. *Stockton v. Offenbach*, 336 S.W.3d 610, 615 (Tex. 2011).

To the extent an issue presented requires statutory interpretation or a determination of whether Chapter 74 applies to a claim, the issue is a question of law reviewed de novo. *See id.* Further, though an appellate court reviews a trial court's ruling on a motion to dismiss for failure to comply with section 74.351 for an abuse of discretion, whether proper service has been made under Rule 21a is a question of law reviewed de novo. *Nexion Health at Beechnut, Inc. v. Paul*, 335 S.W.3d 716, 718 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (citing *Univ. of Tex. Health Sci. Ctr. v. Gutierrez*, 237 S.W.3d 869, 871 (Tex. App.—Houston [1st Dist.] 2007, pet. denied)).

A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles. *Larson v. Downing*, 197 S.W.3d 303, 304–05 (Tex. 2006) (per curiam). When reviewing the trial court's decision for an abuse of discretion, an appellate court may not substitute its judgment for that of the trial court with respect to resolution of factual issues or matters committed to the trial court's discretion. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992); s*ee also Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985). However, a reviewing court is less deferential when reviewing the trial court's determination of the legal principles controlling its ruling. *See Walker*, 827 S.W.2d at 840. A trial court has no discretion in determining what the law is or applying the law to the facts, even when the law is

unsettled. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion. *Walker*, 827 S.W.2d at 840.

### 2. *Findings of Fact and Conclusions of Law*

Courts of appeals review fact findings for both legal and factual sufficiency. *See BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2001). Conclusions of law are reviewed de novo. *McAllen Police Officers Union v. Tamez*, 81 S.W.3d 401, 404 (Tex. App.—Corpus Christi 2002, pet. dism'd).

An appellate court will sustain a no-evidence complaint if the record shows: (1) there is a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence conclusively establishes the opposite of the vital fact. *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005).

In reviewing factual sufficiency, the appellate court considers and weighs all the evidence in the record to determine whether the evidence supporting a fact finding is so weak or the finding so contrary to the overwhelming weight of the evidence that the finding should be set aside. *See Cameron County Drainage Dist. No. 5 v. Gonzales*, 69 S.W.3d 820, 825 (Tex. App.—Corpus Christi 2002, no pet.) (citing *Jaffe Aircraft Corp. v. Carr*, 867 S.W.2d 27, 29 (Tex.1993)).

## B.    Chapter 74 Expert Report Requirement

Section 74.351(a) of the Texas Civil Practice and Remedies Code provides that any person bringing a suit asserting a health care liability claim must, within 120 days following the filing of the original petition, serve an expert report and curriculum vitae for each physician or health care provider against whom the claim is asserted.  TEX. CIV. PRAC. & REM. CODE § 74.351(a) (Vernon 2011).  If the claimant does not provide an expert report and CV as required, the trial court must, upon the motion of the affected physician or health care provider, dismiss the claim with prejudice and award reasonable attorney's fees and costs of court incurred by the physician or health care provider.  *Id.* § 74.351(b); *See Ogletree v. Matthews*, 262 S.W.3d 316, 319-20 (Tex. 2007); *Otero v. Alonzo*, No. 13-10-00304-CV, 2011 WL 765673, at *2-*5 (Tex. App.—Corpus Christi Mar. 3, 2011, no pet.).

## C.    Expert Report Not Timely Served

Appellee did not timely serve an expert report on Appellant by October 17, 2012, the 120th day following the date Appellee filed her Original Petition. Appellee faxed Dr. Barrash's report after 5:00 p.m. on October 17th; thus, under Rule 21a, as discussed below, the report was served the following day and was

late. Appellee has asserted that she did not sue Dr. Mathew Alexander in the Original Petition but in a later amended petition, giving Appellee until October 25, 2012 to serve the report. But as explained below, Appellee sued Dr. Mathew Alexander with the Original Petition and failed to timely serve a report by the October 17, 2012 deadline.

### 1. *Appellee Named and Sued Dr. Mathew Alexander in Original Petition*

Appellee's expert's report and curriculum vitae were due to be served by October 17, 2012, 120 days from the filing of the Original Petition on June 19, 2012. *See* TEX. CIV. PRAC. & REM. CODE § 74.351(a) (Vernon 2011). Appellee asserted that Dr. Mathew Alexander was not sued in the Original Petition, and that the First Amended Original Petition added Dr. Mathew Alexander as a party. (CR 209-12, 395-98; 3 RR 48-55). Appellee urged a misidentification occurred such that the expert report deadline did not begin running until the First Amended Original Petition was filed. (*Id.*).

But the record demonstrates that Appellee knew who she was suing, and sued Dr. Mathew Alexander within the Original Petition. (CR 255-56). A misnomer differs from a misidentification. *In re Greater Houston Orthopaedic Specialists, Inc.*, 295 S.W.3d 323, 325 (Tex. 2009) (citing *Enserch Corp. v. Parker*, 794 S.W.2d 2, 4 (Tex. 1990)). Misidentification arises when two separate legal entities exist and a plaintiff mistakenly sues an entity with a name similar to

that of the correct entity. *Id.* (citing *Chilkewitz v. Hyson*, 22 S.W.3d 825, 828 (Tex. 1999)). A misnomer occurs when a party misnames itself or another party, but the correct parties are involved. *Id.* The petition as a whole must be considered in determining who is being sued. *In re Markowitz*, No. 10-10-00116-CV, 2010 WL 2683067, at \*1 (Tex. App.—Waco July 7, 2010, no pet.); *Cox v. Union Oil Co. of California*, 917 S.W.2d 524, 526 (Tex. App.—Beaumont 1996, no writ). The identity of the parties is determined from the substance of the matter, even though that identity may not be accurately reflected by the style of the case. *Douglas v. KPH Consolidation, Inc.*, No. 14-12-01016-CV, 2013 WL 5883852, at \*3 (Tex. App.—Houston [14th Dist.] Oct. 31, 2013, no pet.).

Here, Appellee may have misnamed a party—calling Dr. Mathew Alexander Dr. "Lamar" Alexander several times in the Original Petition—but she named the correct party. Appellee identified the "Parties" to the suit on page two of her Original Petition, stating:

> Defendant Dr. **Mathew** Alexander is a resident of the state of Texas. He can be served through his Attorneys, McKibben, Woolsey, and Villareal, LLP at 555 N. Carancahua St. #1100 Corpus Christi, TX 78401.

(CR 8) (emphasis added). Appellee also stated that South Texas Brain and Spine Center "can be served through its registered agent, Dr. **Mathew** Alexander, at 1227 3rd St., Corpus Christi, Texas 78404-2313." (*Id.*) (emphasis added). These allegations are the same within the First Amended Petition. (CR 60).

Appellee knew she wanted to sue the Dr. Alexander who was president of the South Texas Brain and Spine Center, and in her petition listed two first names for the Dr. Alexander she intended to sue. It was undisputed in the record that there is only one Dr. Alexander who is president of South Texas Brain and Spine Center, and only one Dr. Alexander who allegedly hired Dr. Konasiewicz. (*See* 3 RR 49). That Dr. Alexander is Mathew Alexander, M.D., one of those physicians listed as a party defendant in the Original Petition. (CR 7-24). Appellee included nothing within her "Factual Allegations" in her Original Petition addressing either Dr. Mathew Alexander or Dr. Lamar Alexander, but she did include allegations addressing South Texas Brain and Spine Center. (CR 9-12). To introduce her "causes of action" section of her pleading, she states: "All of the actions of each Defendant violated the approximate standard of care for the relevant healthcare facilities or providers." (CR 11). But Appellee named no party "Defendant Dr. Lamar Alexander"; she only named as a party "Defendant Dr. Mathew Alexander." (CR 8). Further, it is only within the causes of action alleged as negligence and gross negligence that Appellee referred to Dr. Mathew Alexander as Dr, Lamar Alexander, stated as "Negligence: Dr. Melissa Macias, Dr. Lamar Alexander, and South Texas Brain and Spine Center" in the headings and also in the first sentences of those sections of her petition. (CR 12, 13, 14). The remainder of the allegations pleaded within those sections address the conduct of "Defendants." (*Id.*).

Appellee urged that because Dr. Lamar Alexander was named in the style of the Original Petition and under the legal theories of negligence and gross negligence, this meant that Dr. Mathew Alexander was not sued. (3 RR 48-49). Texas law is clear that legal effect of a pleading is not determined by its style but by its allegations and evident purpose. *Espeche v. Ritzell,* 123 S.W.3d 657, 665 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (examining claims asserted within original petition and concluding that claims asserted included those of party not named in style until first amended petition); *Krishnan v. Ramirez,* 42 S.W.3d 205, 224-25 (Tex. App.—Corpus Christi 2001, pet. denied) (examining contents of petition and concluding that legal effect of pleading was that suit was brought by Ramirez as guardian of property of child, who was heir of deceased mother and assignee of father's claim, despite that "assignee" was not included in style). *See also State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex.1980) (orig.proceeding) (explaining it is substance of a pleading that controls the legal effect of a lawsuit; not its form or style); TEX. R. CIV. P. 71. (pleadings shall be docketed as originally designated and shall remain identified as designated, unless the court orders redesignation).[5] Construing the Original Petition as a whole, it is clear that Appellee intended to and did sue the Dr. Mathew Alexander, who is also the

---

[5] Determining the legal effect of the pleading is a question of law. *See Kadish v. Pennington Assoc., L.P.*, 948 S.W.2d 301, 305 (Tex. App.—Houston [1st Dist.] 1995, no writ) (Hedges, J., dissenting).

president of South Texas Brain and Spine Center, the entity Appellee urges is partially responsible for negligently hiring and credentialing Dr. Konasiewicz. (*See* CR 8-16).

Appellee urged that the petition served with process controls the matter, and that the Original Petition was not served on Dr. Mathew Alexander. (3 RR 49-55). But this argument fails under *Zanchi v. Lane*,[6] wherein the Texas Supreme Court expressly held that, for purposes of calculating the Chapter 74 expert report deadline, a person becomes a "party" to a suit when named in the petition; service of that petition is not necessary to start the period for service of the report. (3 RR 52-53). Dr. Mathew Alexander became a party when named as a "Defendant" in the Original Petition on June 19, 2012, thus triggering the expert report deadline. *Zanchi*, 408 S.W.3d at 375.

Appellee's argument also begs the question: "If Dr. Mathew Alexander had been served with the Original Petition, would he have been on notice that Appellee was asserting claims against him?" The answer is yes. *See Union Pac. Corp. v. Legg*, 49 S.W.3d 72, 78 (Tex. App.—Austin 2001, no pet.) ("A misnomer occurs when a plaintiff intends to sue the correct defendant . . . misnames him in the petition, citation, or both; describes events in the petition in such a way that the correct defendant, when he receives service thereof, is apprised of the fact that he

---

[6]     408 S.W.3d 373, 375 (Tex. 2013).

is the intended defendant . . ."); *Burchinal v. PJ Trailers-Seminole Mgmt. Co., LLC*, 372 S.W.3d 200, 214 (Tex. App.—Texarkana 2012, no pet.) ("The main reason that the statute of limitations is tolled in cases of misnomer is that the party intended to be sued has been served and put on notice that he is the intended defendant.").

And there is no evidence that Appellee was mistaken about whom to sue. In fact, the evidence establishes that Appellee intended to sue Dr. Mathew Alexander. Appellee's pre-suit notice letter and authorization forms for release of protected health information—sent in an attempt to comply with sections 74.051-.052 of the Civil Practice and Remedies Code—clearly illustrate that Appellee intended to sue Dr. Mathew Alexander. (CR 342-47).

Although addressed to Dr. Lamar Alexander, the body of the letter makes clear that Appellee intends to hold Dr. Mathew Alexander responsible:

> This letter serves as formal notice under Chapter 74 of the Texas Civil Practice & Remedies Code of Mrs. Garza's claim against Dr. Konasiewicz, the South Texas Brain and Spine Center, and its individual doctors and owners.
>
> * * *
>
> Ms. Garza contends that her injuries were the result of the negligence and gross negligence of South Texas Brain and Spine Center, Christus Spohn Health Systems d/b/a Christus Spohn-Shoreline, *Dr. Mathew Alexander, individually and as president of South Texas [B]rain and [S]pine [C]enter*, and against Dr. Melissa Macias and Stefan Konasiewicz individually and their staffs.

(CR 343) (emphasis added). The authorization form for release of protected health information states:

> I, Darlene Garza, hereby authorize **Dr. Mathew Alexander, South Texas Brain and Spine Center, 1227 3rd Street, Corpus Christi, TX 78404** to obtain and disclose . . . the protected health information of Darlene Garza . . . .

(CR 344) (emphasis in original). The form continues:

> D. The persons or class of persons to whom the health information of **Darlene Garza** will be disclosed or who will make use of said information are:
>
> ***
>
> 3. Any consulting or testifying experts employed by or on behalf of **Dr. Mathew Alexander**, **South Texas Brain and Spine Center, 1227 3rd Street, Corpus Christi, TX 78404** with regard to the matter set out in the Notice of Health Care Claim accompanying this authorization;
>
> 4. Any attorneys (including staff, secretarial, clerical, or paralegal) employed by or on behalf of **Dr. Mathew Alexander**, **South Texas Brain and Spine Center, 1227 3rd Street, Corpus Christi, TX 78404** with regard to the matter set out in the Notice of Health Care Claim accompanying this authorization;

(CR 344-45) (emphasis in original). This letter is dated the day before Appellee filed the Original Petition. (CR 342). Appellee intended to sue Dr. Mathew Alexander, even if she misnamed him in parts of the Original Petition.

Appellee named as a party defendant and sued Dr. Mathew Alexander in her Original Petition. Alternatively, her suit relates back to the Original Petition due to a misnomer which was obviously intended to refer to Dr. Mathew Alexander. *See*

*Greater Houston Orthopaedic*, 295 S.W.3d at 326 (typically, misnomer cases involve a plaintiff who has misnamed the defendant, and a petition involving this type of misnomer is nonetheless effective, with any subsequent amendment relating back to the date of the original filing).

Further, this is not an instance of misidentification because there is no evidence that a separate entity—Dr. Lamar Alexander—exists that Appellee intended to sue. (*See* 3 RR 49). Appellee clearly intended to sue the Dr. Alexander who was president of South Texas Brain and Spine Center, and there is only one such Dr. Alexander—Dr. Mathew Alexander, named as a defendant party in the Original Petition. Even if this were a case of misidentification—which Appellant disputes—the Dallas Court of Appeals has held that misidentification of a defendant and failed attempts to serve the defendant with citation do not extend the 120-day deadline for service of Chapter 74 expert reports. *Lone Star HMA, L.P. v. Wheeler*, 292 S.W.3d 812, 816 (Tex. App.—Dallas 2009, no pet.). In *Wheeler*, Wheeler initially misidentified a hospital, but correctly identified the hospital in her second amended petition and served it with citation two months after she filed the initial petition. *Id*. at 814. Wheeler served the hospital with an expert report within 120 days of serving the amended petition, but more than 120 days from filing the original petition. *Id*. at 815. The Dallas Court refused to apply the doctrine of misidentification to the service of an expert report, and held

that section 74.35l(a) "makes no exception for the time it takes to effectuate service of the lawsuit, nor does it address failed attempts to serve a lawsuit." *Id*. at 816. Therefore, even if Dr. Alexander was misidentified, Appellee still failed to serve her expert report upon Dr. Alexander within the 120-day deadline from the filing of the Original Petition naming a Dr. Alexander and South Texas Brain and Spine Center.

Appellee sued Dr. Mathew Alexander in her Original Petition on June 19, 2012, and had 120 days following that date in which to serve Dr. Alexander with an expert report and curriculum vitae in accordance with section 74.351 of the Civil Practice and Remedies Code. Appellee's deadline for serving those documents was October 17, 2012. Therefore, the trial court erroneously concluded that Dr. Mathew Alexander was not named or sued in the Original Petition and that Appellee's report deadline was October 25, 2012; findings of fact numbers 3, 4, 5, and 8 and conclusion of law number 18 are supported by legally and factually insufficient evidence, and conclusion of law number 18 is legally erroneous. (*See* Findings of Fact Nos. 3-5, 8 and Conclusions of Law No. 18 (SCR 16-20)). *See City of Keller*, 168 S.W.3d at 810; *Gonzales*, 69 S.W.3d at 825. And as discussed below, Appellee failed to serve the report or curriculum vitae by the October 17, 2012 deadline.

### 2. *Report Faxed After 5:00 p.m. on Last Day of 120-day Period Is Untimely*

Section 74.351(a) requires the claimant to "serve" the expert report within 120 days of the filing of the original petition. *Id.* § 74.351(a). This Court has interpreted the word "serve" in section 74.351(a) to require compliance with Texas Rule of Civil Procedure 21a. *Christus Spohn Health Sys. Corp. v. Lopez*, No. 13-13-00165-CV, 2014 WL 3542094, at *4 (Tex. App.—Corpus Christi July 17, 2014, no pet.) (mem. op.); *Otero v. Alonzo*, No. 13-10-00304-CV, 2011 WL 765673, at *3 (Tex. App.—Corpus Christi Mar. 3, 2011, no pet.) (citing *Salinas v. Dimas*, 310 S.W.3d 106, 108 (Tex. App.—Corpus Christi 2010, pet. denied)); *See* TEX. R. CIV. P. 21a (1990).[7] Rule 21a authorizes service by one of four methods of delivery: (1) in person, by agent, or by courier receipted delivery; (2) by certified or registered mail to the party's last known address; (3) by telephonic document transfer to the recipient's current telecopier number; or (4) by such other manner as the court in its discretion may direct. *Id*.

Rule 21a provides that:

Service by mail shall be complete upon deposit of the paper, enclosed in a postpaid, properly addressed wrapper, in a post office or official depository under the care and custody of the United States Postal Service. <u>Service by telephonic document transfer after 5:00 p.m. local time of the recipient shall be deemed served on the following day</u>.

---

[7] Rule 21a was amended effective January 1, 2014. Those amendments do not apply, as the suit and the service dispute at issue arose in 2012.

*Id.* (emphasis added). Notice may be served by a party to the suit, an attorney of record, a sheriff or constable, or by any other person competent to testify. *Id.*

An expert report faxed after 5:00 p.m. on the last day of the 120-day period is not timely. *Nexion Health at Beechnut, Inc. v. Paul*, 335 S.W.3d 716 (Tex. App.—Houston [14th Dist.] 2011, no pet.)). In *Nexion Health*, the plaintiff served an amended report by facsimile at 6:14 p.m. on the final day for serving reports. *Id.* at 717. The court held that, under Rule 21a, service by fax after 5:00 p.m. is considered served the next day, such that plaintiff served her expert report one day late. *Id*. at 718. Because the plaintiff did not comply with the service requirements of section 74.351, the trial court had no discretion to take any action other than to dismiss the plaintiff's claims. *Id.*; *see also Thoyakulathu v. Brennan*, 192 S.W.3d 849, 850-853 (Tex. App.—Texarkana 2006, no pet.) (late service of expert reports due to fax machine problems could not except suit from dismissal required by section 74.351).

In the Second Motion to Dismiss, Appellant asserted that Appellee's expert report was not timely served. (CR 170-73). Specifically, on October 17, 2012, Dr. Barrash's expert report was faxed between 6:29-6:32 p.m. (CR 171). Appellant attached to his motion: Exhibit A (Dr. Barrash's expert report and accompanying letter from Appellee's law firm, indicating said facsimile time in the header located at the top of each page of the cover letter and report) (CR 175-93), Exhibit B

(facsimile confirmation page provided by Appellee's counsel to Defendant Christus Spohn's counsel, indicating the fax was sent on 10/17/2012 at 6:28 p.m.) (CR 194-95), and Exhibit C (the affidavit of Carlos Villarreal, a partner of Appellant's counsel's law firm, attesting that the expert report and cover letter of Dr. Barrash were received by facsimile on 10/17/2012 between 6:29-6:32 p.m.). (CR 196-98). Appellee admitted that the fax was sent at 6:28 p.m. on October 17, 2012. (CR 396).

Here, the deadline for serving expert reports was October 17, 2012. As in *Nexion Health*, the expert report here served after 5:00 p.m. on that date is considered served on October 18, 2012. Appellee's expert report was a day late, and the trial court had no discretion under the statute but to dismiss Appellee's claims with prejudice and award Appellant's reasonable attorney's fees and costs. *Nexion Health*, 335 S.W.3d at 718; *see Thoyakulathu*, 192 S.W.3d at 850-853. The trial court erroneously concluded that Appellee's expert report was timely served; findings of fact numbers 3, 4, 5, and 8 and conclusion of law number 18 are supported by legally and factually insufficient evidence, and conclusion of law number 18 is legally erroneous. (*See* Findings of Fact Nos. 3-5, 8 and Conclusions of Law No. 18 (SCR 16-20)). Thus, the trial court abused its discretion in denying Appellant's Second Motion to Dismiss. (*See* CR 407). This Court should reverse the trial court's order, dismiss Appellee's suit with prejudice, and remand for a

determination of Appellant's reasonable attorney's fees and costs of court. TEX. CIV. PRAC. & REM. CODE § 74.351(b).

## CONCLUSION & PRAYER

Appellee's deadline for serving expert reports was October 17, 2012. Appellant established that Appellee did not serve the expert reports by that date. Therefore, Chapter 74 dictates that Appellant was entitled to dismissal of Appellee's claims with prejudice and an award of reasonable attorney's fees and costs of court.

Appellee sued Dr. Mathew Alexander in the Original Petition filed on June 19, 2012, even if Appellee mistakenly named him Dr. Lamar Alexander within various allegations in that pleading. Appellee named Dr. Mathew Alexander as a party defendant to the suit, listed his attorneys for service of process, and indicated that Dr. Mathew Alexander was the agent for a co-defendant, South Texas Brain and Spine Center. Appellee's allegations of conduct supporting her negligence and gross negligence legal theories addressed the conduct of "Defendants," and there was no Defendant "Dr. Lamar Alexander" – only a Defendant Dr. Mathew Alexander. Appellee also sent a pre-suit notice letter specifically naming and describing Dr. Mathew Alexander and the claims Appellee intended to pursue against him individually. Appellee intended to sue Dr. Mathew Alexander, the president of South Texas Brain and Spine Center. Because Appellee sued Dr.

Mathew Alexander in the Original Petition, Appellee's deadline for service of Chapter 74 expert reports was October 17, 2012. The trial court erred in concluding otherwise.

It is undisputed that Appellee did not serve an expert report by October 17, 2012. Appellee faxed a report around 6:30 p.m. on that date, but under Rule 21a, service by fax after 5:00 p.m. is considered served the next day, here October 18, 2012. Appellee served the expert report one day late, requiring dismissal under the statute and case law.

Therefore, the trial court abused its discretion in denying Appellant's Second Motion to Dismiss. This Court should reverse the trial court's order, dismiss Appellee's suit with prejudice, and remand to the trial court for determination of Appellant's reasonable attorney's fees and costs of court.

**THEREFORE**, Appellant Mathew Alexander, M.D., Individually and as President of South Texas Brain and Spine Center respectfully prays this Court reverse the trial court's order denying Appellant's Second Motion to Dismiss, dismiss Appellee's claims with prejudice, and remand to the trial court with an order to determine and award Appellant's reasonable attorney's fees and costs of court. Appellant prays for all such other and further relief, whether general or special, at law and in equity, as this Court deems just.

Respectfully submitted,

**COOPER & SCULLY, P.C.**

By:  /s/Diana L. Faust
     **DIANA L. FAUST**
     diana.faust@cooperscully.com
     State Bar No. 00793717
     **R. BRENT COOPER**
     brent.cooper@cooperscully.com
     State Bar No. 04783250
     **KYLE M. BURKE**
     kyle.burke@cooperscully.com
     State Bar No. 24073089

900 Jackson, Suite 100
Dallas, Texas 75202
(214) 712-9500
(214) 712-9540 (fax)

**ATTORNEYS FOR APPELLANT MATHEW ALEXANDER, M.D., INDIVIDUALLY, AND AS PRESIDENT OF SOUTH TEXAS BRAIN AND SPINE CENTER**

### CERTIFICATE OF COMPLIANCE

I hereby certify that this Brief of Appellant was prepared using Microsoft Word 2003, which indicated that the total word count (exclusive of those items listed in rule 9.4(i)(1) of the Texas Rules of Appellate Procedure, as amended) is 6,576 words.

     /s/Diana L. Faust
     **DIANA L. FAUST**

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of this Brief of Appellant on the following counsel of record, on the 19th day of March 2015, by the method indicated:

Mr. Robert C. Hilliard                                      **VIA EFILE**
bobh@hmglawfirm.com
Mr. Rudy Gonzales, Jr.
rgonzales@hmglawfirm.com
Ms. Marion M. Reilly
marion@hmglawfirm.com
Ms. Catherine D. Tobin
catherine@hmglawfirm.com
Mr. John B. Martinez
john@hmglawfirm.com
Mr. T. Christopher Pinedo
cpinedo@hmglawfirm.com
Mr. Todd A. Hunter
todd@hmglawfirm.com
HILLIARD MUNOZ GONZALES, L.L.P.
719 S. Shoreline Blvd., Suite 500
Corpus Christi, TX 78401
**Counsel for Appellee**

Mr. Richard C. Woolsey                                     **VIA EFILE**
RWoolsey@rcwoolseylaw.com
WOOLSEY & ASSOCIATES, P.L.L.C.
555 North Carancahua, Suite 1160
Corpus Christi, TX 78401-0841
**Trial Counsel for Appellant**

    /s/Diana L. Faust
**DIANA L. FAUST**

IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT
AT CORPUS CHRISTI, TEXAS

MATHEW ALEXANDER, M.D., INDIVIDUALLY AND AS PRESIDENT
OF SOUTH TEXAS BRAIN AND SPINE CENTER,
Appellant,

v.

DARLENE GARZA,
Appellee.

On Appeal from County Court at Law No. 1, Nueces County, Texas
Cause No. 2012-CCV-61201-1
(Hon. Robert J. Vargas)

APPENDIX TO BRIEF OF APPELLANT

In compliance with rule 38.1(j) of the Texas Rules of Appellate Procedure,

Appellant Mathew Alexander, M.D., Individually and as President of South Texas

Brain and Spine Center submits this Appendix to his Brief of Appellant containing

the following items:

Tab A:    January 8, 2015 Order on Defendants Mathew Alexander, M.D., Individually and as President of South Texas Brain and Spine Center, et al.'s Second Motion to Dismiss (CR 407)

Tab B:    February 17, 2015 Court's Findings of Fact and Conclusions of Law (SCR 16-20)

D/923166v5

# APPENDIX TAB "A"

| | | |
|---|---|---|
| Darlene Garza,<br>*Plaintiff,* | §<br>§<br>§ | In the County Court |
| v. | §<br>§ | |
| Dr. Stefan Konasiewicz; Dr. Melissa | §<br>§ | At Law No. One |
| Macias; Dr. Mathew Alexander,<br>individually and as President of South<br>Texas Brain and Spine Center; South<br>Texas Brain and Spine Center,<br>*Defendants.* | §<br>§<br>§<br>§<br>§ | Nueces County, Texas |

---

**ORDER ON DEFENDANTS', DR. MATHEW ALEXANDER, M.D., INDIVIDUALLY AND AS PRESIDENT OF SOUTH TEXAS BRAIN AND SPINE CENTER, AND SOUTH TEXAS BRAIN AND SPINE CENTER'S, SECOND MOTION TO DISMISS**

---

After considering Defendants' Dr. Alexander, M.D. Individually and as President of South Texas Brain and Spine Center, and The South Texas Brain and Spine Center's Second Motion to Dismiss, the Court DENIES said Motion.

SIGNED on ___January 8___, 20_15_.

_____
PRESIDING JUDGE

407

# APPENDIX TAB "B"

| | | |
|---|---|---|
| Darlene Garza, | § | In the County Court |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| | § | |
| Dr. Stefan Konasiewicz and Dr. | § | at Law #1 |
| Mathew Alexander, Individually and as | § | |
| President of South Texas Brain and | § | |
| Spine Center, | § | |
| *Defendants.* | § | Nueces County, Texas |

*Court's*

## ~~PLAINTIFF'S~~ ORDER ON FINDINGS OF FACT AND CONCLUSIONS OF LAW

After a hearing held on this the 17th day of February 2015, and after considering all responses and objections and oral argument of all Counsel the Court enters the following Findings of Fact and Conclusions of Law:

## I. FINDINGS OF FACT

1. On June 19, 2012, Plaintiff filed her Original Petition and Requests for Disclosure.

2. Under Chapter 74 of the Texas Civil Practice and Remedies Code, Plaintiff had 120 days from June 19, 2012 to serve the party defendants named in Plaintiff's Original Petition with an expert report; 120 days from June 19, 2012 was October 17, 2012.

3. In her Original Petition, Plaintiff did not name Dr. Mathew Alexander as a party to the suit: Plaintiff did not assert a cause of action against Dr. Mathew Alexander in her Original Petition nor did Plaintiff list Dr. Mathew Alexander as a defendant in the style of the case for her Original Petition.

4. Plaintiff then filed her First Amended Petition on June 27, 2012. Plaintiff's First

Page 1

16

Amended Petition named Dr. Mathew Alexander individually and as President as South Texas Brain and Spine Center as a party to the suit; the First Amended Petition alleged facts and causes of actions against Dr. Mathew Alexander and listed him as a defendant in the style of the case. June 27, 2012 was the first time Plaintiff sued and brought a cause of action against Defendant Dr. Mathew Alexander.

5. Under Chapter 74 of the Texas Civil Practice and Remedies Code, Plaintiff had 120 days from June 27, 2012 to serve Dr. Mathew Alexander with an expert report; 120 days from June 27, 2012 was October 25, 2012.

6. On October 17, 2012, Plaintiff timely served her Chapter 74 expert report, a report by Dr. Martin Barrash, on Defendant Dr. Stephen Konasiewicz by depositing it into the mail at the United States Post Office at 809 Nueces Bay Boulevard, Corpus Christi, TX 78469. The expert report was served on Dr. Konasiewicz postage paid by certified mail, return receipt requested.

7. Plaintiff has provided an affidavit of Nicole Stoner dated May 3, 2013, and the testimony of Nicole Stoner at the May 8, 2013, hearing confirming service of the Chapter 74 expert report on Defendant Konasiewicz by depositing the same with the United States Postal Service postage paid on October 17, 2012. The Stoner Affidavit and testimony are *prima facie* evidence that Plaintiff's Chapter 74 expert report was served on Dr. Stephen Konasiewicz on October 17, 2012, which is within the 120-day deadline established by Tex. Civ. Prac. & Rem. Code §74.351 for service of expert reports. *McQuade v. Berry*, 2012 Tex. App. LEXIS 10065 (Tex. App.—Fort Worth 2012, no pet.) (the patient's certificate of service constituted *prima facie* evidence that he served the expert report on the dentist). The May 21, 2014, affidavit from Tim

Birrenkott, proffered by Defendant Dr. Stephen Konasiewicz, does not obligate a finding that the *prima facie* presumption has been overcome. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (stating that to establish an abuse of discretion on a trial court's resolution of a factual issue, a party must show that the "trial court could reasonably have reached only one decision").

8.     Plaintiff timely served Defendant Dr. Mathew Alexander with Plaintiff's Chapter 74 expert report via facsimile on October 17, 2012, at approximately 6:28 p.m. Plaintiff had until October 25, 2012 to serve an expert report on Defendant Dr. Mathew Alexander, and her service of her expert report via facsimile on October 17, 2012, was therefore timely.

9.     On October 31, 2012, Defendants Dr. Mathew Alexander, Individually and as President of South Texas Brain and Spine Center, and South Texas Brain and Spine Center moved to dismiss Plaintiff's action, alleging that Plaintiff's Chapter 74 expert report was legally insufficient. Plaintiff filed a response on May 1, 2013.

10.     On November 28, 2012, Defendants Dr. Mathew Alexander, Individually and as President of South Texas Brain and Spine Center, and South Texas Brain and Spine Center filed and served a Second Motion to Dismiss addressing the timeliness of Plaintiff's Chapter 74 expert report. Plaintiff filed a response on May 1, 2013, and filed supplemental response on May 3, 2013. On May 8, 2013, Defendants filed their Reply in support of their Motion.

11.     On November 16, 2012, Defendant Dr. Stephen Konasiewicz filed his Objections to Plaintiff's expert report pursuant to Texas Civil Practice and Remedies Code § 74.351 *et seq.* On May 3, 2013, Plaintiff filed her Response to Defendant Dr. Stephen

Konasiewicz's Objections.

12. On May 8, 2013, the Court conducted a hearing and received evidence on the Motion to Dismiss and the Objections. The hearing was limited to Defendants' complaints concerning the timeliness of Plaintiff's Chapter 74 expert report. The Court took the matter under advisement.

13. On July 8, 2014, Defendant Dr. Stephen Konasiewicz filed a supplemental brief in support of his objections to Plaintiff's expert's report pursuant to Texas Civil Practice and Remedies Code § 74.351 *et seq.*, to which Plaintiff responded on January 2, 2015.

14. On July 9, 2014, Defendants Dr. Mathew Alexander, Individually and as President of South Texas Brain and Spine Center, and South Texas Brain and Spine Center filed and served a Supplemental Brief in Support of their Second Motion to Dismiss. Plaintiff filed her Response to Defendants' Supplemental Brief in Support of Second Motion to Dismiss on January 2, 2015.

15. On January 6, 2015, the Court conducted another hearing on the Motions to Dismiss and the Objections. The hearing was again limited to Defendants' complaints concerning the timeliness of service of Plaintiff's Chapter 74 expert reports.

16. On January 8, 2015, this Court overruled Dr. Stephen Konasiewicz's Objections to the timeliness of Plaintiff's Chapter 74 expert report and denied Defendants', Dr. Mathew Alexander, Individually and as President of South Texas Brain and Spine Center, and South Texas Brain and Spine Center, Motion to Dismiss based on the alleged untimely service of the report.

## II. CONCLUSIONS OF LAW

17. Plaintiff served her Chapter 74 expert report, by certified mail, on Defendant Dr.

Stephen Konasiewicz's by depositing it into the mail on October 17, 2012, in accordance with Texas Rule of Civil Procedure 21a. When a document is served by certified mail, service is "complete upon *deposit* of the paper, enclosed in a postpaid, properly addressed wrapper, in a post office or official depository under the care and custody of the United States Postal Service." *Kendrick v. Garcia*, 171 S.W.3d 698, 704 (Tex. App.—Eastland 2005, pet. denied) (emphasis added).

18.     Plaintiff served her Chapter 74 expert report on Defendant Dr. Mathew Alexander within the 120-day deadline mandated by Texas Civil Practice and Remedies Code Section 74.351(a) because the operative pleading asserting a cause of action against Dr. Mathew Alexander was Plaintiff's First Amended Petition. *Hayes v. Carroll*, 314 S.W.3d 494 (Tex. App.—Austin 2010, no pet.) (reasoning that if a defendant has not been added to a case, there has yet to be a lawsuit filed against that defendant).

19.     This Court's rulings are subject to review under an abuse of discretion standard. *McQuade v. Berry*, 2012 Tex. App. LEXIS 10065 (Tex. App.—Fort Worth 2012, no pet.).

Date: _February 17, 2015_                    _____
                                             HONORABLE JUDGE ROBERT VARGAS