**NEXION HEALTH AT BEECHNUT, INC., d/b/a Beechnut Manor, Appellant,**

**v.**

**Yestial PAUL, as Representative of All Wrongful Death Beneficiaries and as Representative of the Estate of Robbie Lee Paul, Deceased, Appellee.**

No. 14–10–00625–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 10, 2011.

Gregory N. Ziegler, Bryan Gerald Rutherford, Roxanne Ballard, Noreen Grant Cabrera, Dallas, for Appellant.

Francine J. Barton, Houston, for Appellee.

Panel consists of Chief Justice HEDGES, Justice JAMISON, and Senior Justice PRICE.*

* Senior Justice Frank C. Price, sitting by as-

## OPINION

.MARTHA HILL JAMISON, Justice.

Appellant Nexion Health at Beechnut, Inc., d/b/a Beechnut Manor ("Beechnut") brings this interlocutory appeal of the trial court's order denying its motion to dismiss the claims of appellee Yestial Paul, as Representative of All Wrongful Death Beneficiaries and as Representative of the Estate of Robbie Lee Paul, Deceased ("Paul"). We reverse and remand.

## BACKGROUND

This is an interlocutory appeal from a health care liability claim filed under chapter 74 of the Civil Practice and Remedies Code. Paul alleges that Beechnut was negligent in the care and treatment of her grandmother. After Paul filed her expert report pursuant to Civil Practice and Remedies Code section 74.351(a), Beechnut filed a motion to dismiss, arguing that Paul's expert report was deficient. The trial court granted the motion in part, giving Paul thirty days to cure the deficiencies. Paul served the amended report by fax at 6:14 p.m. on the thirtieth day. Beechnut again moved to dismiss, arguing both that the amended expert report was untimely served and that the amendment did not cure the prior deficiencies. The trial court denied Beechnut's motion, and this appeal followed.

## ANALYSIS

### A. Untimely Filing of Brief

██ Before we address the merits of the appeal, we address Paul's argument that Beechnut did not timely file its brief. In an accelerated appeal such as this, the appellant's brief must be filed within twenty days of the date either the clerk's record or reporter's record is filed (whichever

signment.

is later). TEX.R.APP. P. 38.6(a). The clerk's record was filed August 16, 2010, and no reporter's record was filed. Twenty days from August 16 is September 5, a Sunday. According to Paul, Beechnut's brief was untimely because it filed its brief on September 10, 2010 rather than the next Monday. *See* TEX.R.APP. P. 4.1(a).

September 6, 2010 was a state and federal holiday, Labor Day, so the filing date was moved to September 7, 2010. *See id.* Beechnut asserts, and Paul does not dispute, that it properly mailed its brief on September 7, and thus the brief was timely filed because it was received by this court within ten days. *See* TEX.R.APP. P. 9.2(b). We overrule Paul's argument.

**B. Untimely Filing of Amended Expert Report**

■ Section 74.351 provides that a health care liability claimant must file and "serve" an expert report within 120 days of filing suit. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(a) (West Supp. 2009). The statute does not define "serve," but this court as well as others have interpreted the statute to incorporate the service rules found in Texas Rule of Civil Procedure 21a. *See Awoniyi v. McWilliams,* 261 S.W.3d 162, 164 (Tex.App.-Houston [14th Dist.] 2008, no pet.); *Univ. of Tex. Health Sci. Ctr. v. Gutierrez,* 237 S.W.3d 869, 872 (Tex.App.-Houston [1st Dist.] 2007, pet. denied). Section 74.351 further provides that "[i]f an expert report has not been served within the period specified by Subsection (a) because elements of the report are found deficient, the court may grant one 30–day extension to the claimant in order to cure the deficiency." TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(c). A report that is deficient has not been "served" for purposes of section 74.351(a). *See id.; Lewis v. Funderburk,* 253 S.W.3d 204,

207–08 (Tex.2008) (holding that subpart (c) defines a timely but deficient report as one that " 'has not been served' " (quoting TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(c)). Thus, a thirty-day extension to cure deficiencies is an extension of the service deadline, and Rule 21a applies.

■ The trial court found Paul's first report deficient and, in an order signed March 24, 2010, gave Paul a thirty-day extension to cure the deficiencies. Therefore, Paul's amended expert report was due April 23, 2010. Paul served her amended report by fax on April 23, 2010 at 6:14 p.m. Under Rule 21a, service by fax that occurs after 5:00 p.m. is considered served on the next day.[1] Therefore, Paul served her amended expert report one day late. Though we review a trial court's ruling on a motion to dismiss for failure to comply with section 74.351 for an abuse of discretion, whether proper service has been made is a question of law we review de novo. *Gutierrez,* 237 S.W.3d at 871. Because Paul did not comply with the service requirements of section 74.351, the trial court had no discretion to take any action other than dismissing the claim. *See Rivenes v. Holden,* 257 S.W.3d 332, 336 (Tex.App.-Houston [14th Dist.] 2008, pet. denied).

■ Paul argues that her service was timely because she did not have notice of the court's ruling when it was made and did not receive notice until April 2, 2010. Section 74.351(c) states: "If the claimant does not receive notice of the court's ruling granting the extension until after the 120–day deadline has passed, then the 30–day extension shall run from the date the plaintiff first received the notice." We reject Paul's argument. There is no evidence in the record to support Paul's as-

---

1. "Service by telephonic document transfer after 5:00 p.m. local time of the recipient shall be deemed served on the following day." TEX.R. CIV. P. 21a.

sertion that she did not have notice of the trial court's ruling when it was made. Paul attaches to her brief a post card notice of the court's ruling with a "received" stamp of April 2, 2010, but we cannot consider evidence attached to briefs not contained in the appellate record. *WorldPeace v. Comm'n for Lawyer Discipline*, 183 S.W.3d 451, 465 n. 23 (Tex.App.-Houston [14th Dist.] 2005, pet. denied). Further, this post card does not address when Paul first knew of the court's ruling. No transcript of the dismissal hearing is available, but Paul stated in her response to Beechnut's second motion to dismiss that the trial court granted an extension "[a]t the hearing." Paul did not argue to the trial court that she did not have notice of the ruling on the date it was made but only argued that any untimeliness was not the result of conscious indifference in attempting to serve her report. However, such circumstances are no longer a defense to untimely service under section 74.351. *See Badiga v. Lopez*, 274 S.W.3d 681, 684 (Tex.2009); *Estate of Regis v. Harris Cnty. Hosp. Dist.*, 208 S.W.3d 64, 68 (Tex.App.-Houston [14th Dist.] 2006, no pet.). There is no basis in the record for determining a deadline to serve Paul's amended expert report other than April 23, 2010.

The legislature created clear deadlines under section 74.351. *See Badiga*, 274 S.W.3d at 683. This has lead to seemingly harsh consequences.[2] Even though Paul missed the deadline by only one day,[3] it is up to the legislature, not this court, to provide for grace periods.[4] *See Estate of Regis*, 208 S.W.3d at 68; *Mokkala v.*

*Mead*, 178 S.W.3d 66, 74–75 (Tex.App.-Houston [14th Dist.] 2005, pet. denied). We reverse the trial court's order denying Beechnut's motion to dismiss and remand for proceedings consistent with this opinion.

---

**2.** *See Awoniyi*, 261 S.W.3d at 164 (report was faxed two days late); *Thoyakulathu v. Brennan*, 192 S.W.3d 849, 850, 855 (Tex.App.-Texarkana 2006, no pet.) (report not served timely because fax machine malfunctioned); *Mokkala v. Mead*, 178 S.W.3d 66, 76 (Tex.App.-Houston [14th Dist.] 2005, pet. denied) (report was served one day late).

**3.** The report was seventy-four minutes late.

**4.** The Texas Supreme Court does have the authority to amend the telephonic document transfer provision of Texas Rule of Civil Procedure 21a.