

NUMBER 13-12-00318-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

SSC ROBSTOWN OPERATING
COMPANY LP D/B/A RETAMA
MANOR NURSING CENTER/ROBSTOWN
AND TRISUN HEALTHCARE, LLC
D/B/A TRISUN CARE CENTER,                             Appellants,

v.

SANDRA PEREZ, INDIVIDUALLY
AND AS REPRESENTATIVE FOR
THE LEGAL HEIRS OF THE ESTATE
OF ESPIRIDION AVILA, DECEASED,                        Appellee.

On appeal from the County Court at Law No. 4
of Nueces County, Texas.

# MEMORANDUM OPINION

Before Justices Rodriguez, Benavides, and Perkes
Memorandum Opinion by Justice Perkes

In this interlocutory appeal,[1] appellants SSC Robstown Operating Company LP d/b/a Retama Manor Nursing Center/Robstown ("Retama Manor") and Trisun Healthcare, LLC d/b/a Trisun Care Center ("Trisun"), appeal the trial court's order denying their respective motions to dismiss the health care liability claims of appellee Sandra Perez, Individually and as Representative for the Legal Heirs of the Estate of Espiridion Avila, Deceased ("Perez"). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351 (a–c) (West 2011). By two issues, Retama Manor and Trisun argue that the trial court should have granted their respective motions to dismiss Perez's lawsuit because (1) she served her amended expert report one day late; and (2) the amended expert report was deficient. *See id.* We reverse and remand.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Perez sued Retama Manor and Trisun alleging that their failure to provide proper nursing-home care caused Espiridion Avila to suffer serious personal injury and death. On June 9, 2011, Perez filed her original petition. On October 7, 2011, Perez filed the mandatory expert report on the last day of the 120-day deadline. *See* § 74.351(a). Retama Manor and Trisun objected that the expert report was insufficient under section 74.351(a) and moved to dismiss Perez's suit. *See id.*

On January 10, 2012, the trial court held a hearing on Retama Manor and Trisun's respective objections and motions to dismiss. At the hearing, the trial court found that Perez's expert report was deficient, but granted Perez a 30-day extension to cure the deficiency. *See id.* § 74.351(c). During the hearing, the trial court stated on the record

---

[1] This appeal is brought pursuant to Texas Civil Practice and Remedies Code section 51.014(a)(9). TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(9) (West 2008).

2

that it was granting the 30-day extension. The trial court stated that it found Perez's expert qualified and asked Perez's counsel whether he could have the deficiencies in the report corrected "in 30 days." Perez's counsel answered, "Yes, sir, I'll be glad to do it." The record shows that the trial court signed the order granting the extension in open court after giving Perez's counsel an opportunity to review it. The trial court stated the following:

> What do you call this order I'm signing here? I'll put this—today is the 10th, 2-10-12 [sic.]. Plaintiff to amend expert report in 30 days from tomorrow. How about that?

In response, Retama Manor's counsel pointed out that the order presented to the trial court for signature included Trisun, but did not include Retama Manor. Retama Manor's counsel asked whether he should submit a separate order. The trial court responded by telling counsel, "[h]ere take it and interlineate it yourselves. Fix it." The reporter's record ends at that point. The clerk's record shows that the trial court signed the 30-day extension order on January 10, 2012, and that it was interlineated to add Retama Manor as a defendant. The record does not show that the court modified the order in any way after that date.

On February 10, 2012, Perez filed the amended expert report. Retama Manor and Trisun both objected to the amended expert report and moved to dismiss Perez's suit, arguing that the amended expert report was untimely because it was filed on the thirty-first day after the January 10, 2012 order granting the extension. They both further objected to the amended expert report, arguing that it was still insufficient.

3

The trial court denied Retama Manor's and Trisun's motions to dismiss. This accelerated appeal followed.

## II. STANDARD OF REVIEW

Chapter 74 of the Texas Civil Practice and Remedies Code requires a health care liability claimant to serve providers with expert reports within 120 days of filing suit. *Id.* § 74.351(a). If the claimant fails to timely serve a report, the trial court must grant the provider's motion to dismiss the claim; the failure to do so is subject to interlocutory appeal. *Id.* §§ 51.014(a)(9), 74.351(b) (West 2008 & 2011). If a report is timely served, but is deficient as to one or more elements, the court may grant one 30–day extension to cure the deficiency. *Id.* § 74.351(c) (West 2011). Subject to the 30-day extension provision, the trial court must grant a motion challenging the adequacy of an expert report if it appears to the court, after hearing, that the report does not represent an objective good-faith effort to comply with the requirements of an expert report as set forth in section 74.351(r)(6). *Id.* § 74.351(*l*).

We review a trial court's order on a motion to dismiss filed under section 74.351 for an abuse of discretion. *See Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 877–78 (Tex. 2001); *Salinas v. Dimas*, 310 S.W.3d 106, 108 (Tex. App.—Corpus Christi 2010, pet. denied). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner or without reference to guiding rules or principles. *Salinas*, 310 S.W.3d at 108 (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)). A trial court has no discretion in determining what the law is or in applying the law to the facts. *See id.* (citing *Walker v. Packer*, 827 S.W.2d 833, 840

4

(Tex. 1992)). Therefore, when, as here, the issue presented is purely a question of law, we conduct a de novo review. *Id.* (citing *Pallares v. Magic Valley Elec. Coop., Inc.*, 267 S.W.3d 67, 69–70 (Tex. App.—Corpus Christi 2008, pet. ref'd)); *see also Davis v. Webb*, 246 S.W.3d 768, 771–72 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *Univ. of Tex. Health Sci. Ctr. at Houston v. Gutierrez*, 237 S.W.3d 869, 871 (Tex. App.—Houston [1st Dist.] 2007, pet. denied).

## III. ANALYSIS

By their first issue on appeal, Retama Manor and Trisun both argue that the trial court erred as a matter of law by not dismissing Perez's suit because she served the amended expert report one day late. We agree.

Section 74.351(c) of the Texas Civil Practice and Remedies Code states that a plaintiff may be given one 30-day extension to file an amended expert report if its original report is found deficient, and thus considered no report at all. *Id.* § 74.351(c); *see also Lewis v. Funderburk*, 253 S.W.3d 204, 207–08 (Tex. 2008). Section 74.351(c) provides that when, as here, the original 120-day period for filing an expert report has expired, the 30-day extension shall run from the date the plaintiff first receives notice of the 30-day extension. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(c). If a 30-day extension is granted and the plaintiff fails to timely cure the deficient report, dismissal of the plaintiff's health care liability claim is mandatory. *See id.; Nexion Health at Beechnut, Inc. v. Paul*, 335 S.W.3d 716, 718–19 (Tex. App.—Houston [14th Dist.] 2011, no pet). A trial court has no discretion to alter the length of an extension granted under section 74.351(c). *See Constancio v. Bray*, 266 S.W.3d 149, 162 (Tex. App.—Austin 2008, no pet.) (holding

5

trial court abused its discretion by effectively granting a seven-day extension of the 120-day deadline to serve an expert report; "[e]ither the claimant gets one '30-day extension' of the deadline or no extension at all.").

In *Paul*, the Fourteenth Court of Appeals addressed whether dismissal of a health care liability claim was mandatory because the claimant failed to timely serve her amended expert report after being granted a 30-day extension. *Paul*, 335 S.W.3d at 718. The *Paul* Court granted the extension at a hearing and signed the order granting the extension that the same day. *See id.* Paul's amended expert report was served one day late. *Id.* In the trial court, Paul argued, in response to the second motion to dismiss her claim, that the extension was granted at the hearing on the first motion to dismiss. *Id.* at 719. No transcript of the hearing on the first motion to dismiss was available on appeal. *Id.* On appeal, however, Paul argued that she did not receive notice of the trial court's order granting the 30-day extension until several days after the hearing on the first motion to dismiss. *Id.* at 718. In support of her argument, Paul attached to her appellate brief a post card giving notice of the trial court's signed order that granted the extension. *Id.* at 719. There was no evidence in the record to support Paul's assertion that she did not receive notice of the trial court's ruling when it was made in open court. *Id.* at 719. Because there was no basis in the record to show Paul was correct and a later deadline applied in the case, the appeals court held that the trial court had no discretion to take any action other than dismissing Paul's claim. *Id.* at 718.

In this case, as in *Paul*, Perez's position in the trial court is inconsistent with her position on appeal. In the trial court, Perez acknowledged that she received notice of the

6

30-day extension at the January 10, 2012 hearing on Retama Manor and Trisun's first motion to dismiss, the day the extension order was signed. Relying on the transcript of the first dismissal hearing, Perez argued in the trial court that the 30-day extension started to run on January 11, 2012, and that her amended expert report was thus timely when she served it on February 10, 2012.[2]

On appeal, however, Perez argues that the earliest date she could have received notice of the 30-day extension was January 12, 2012, because that is the date the Nueces County Clerk stamped the order "filed." Like the post card in *Paul*, the file mark stamp on the extension order is no evidence of the date when Perez first received notice of the trial court's ruling. The trial court's record is devoid of any evidence whatsoever that Perez first received notice, or any other notice for that matter, on a date after the January 10, 2012 hearing. Perez did not include any comment or argument regarding the date of receipt in her response to the motion(s) to dismiss, did not provide any affidavit or testimony regarding the date that she received notice, and did not make any comment or argument during the hearing regarding the date that she received notice. In short, the trial court's record is completely silent in that regard.

Appellant can find no support in the *Willens* case. *See Willens v. Johnson*, No. 09-11-00524-CV, 2012 WL 586685, at *2 (Tex. App.—Beaumont 2012, pet. denied) (mem. op.) In *Willens,* the claimant presented evidence showing when he first received actual notice of the trial court's order granting a 30-day extension under section 74.351(c). *Id.* The appeals court correctly concluded that the trial court did not abuse

---

[2] The trial court properly stated the period would run from "30 days from tomorrow" Beginning the day count on January 11, 2012, the day after the date the order was signed, the deadline for the amended report would have been February 9, 2010, and not February 10, 2012.

its discretion in denying the motion to dismiss because evidence was presented which allowed the trial court to reasonably conclude the claimant timely served the amended expert report within thirty days of receiving notice of the extension.

The Texas Legislature created clear deadlines under section 74.351. While we recognize this may sometimes result in seemingly harsh consequences, this Court lacks the authority to extend the statutory deadlines. *See Paul*, 335 S.W.3d at 719. We sustain Retama Manor and Trisun's first issue on appeal. In light of our disposition of issue one, we need not reach issue two. *See* TEX. R. APP. P. 47.1

## IV. CONCLUSION

We reverse the trial court's order denying Retama Manor and Trisun's respective motions to dismiss and remand this case for proceedings consistent with this opinion.

GREGORY T. PERKES
Justice

Delivered and filed the
28th day of February, 2013.

8