**Reversed and Rendered and Opinion filed December 8, 2022.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-22-00225-CV

### JAMES RINKLE M.D., Appellant

### V.

### WILLIAM GRAF AND LINDA GRAF, Appellees

**On Appeal from the 133rd District Court
Harris County, Texas
Trial Court Cause No. 2020-48311**

## O P I N I O N

Does a claimant comply with the service requirement of the statute commonly known as the Texas Medical Liability Act (TMLA)[1] if the claimant files a copy of its expert report with the court clerk that is accessed online by the defendant but is not served pursuant to Texas Rule of Civil Procedure 21a? We hold in this interlocutory appeal that filing an expert report in the district clerk's

---

[1] Tex. Civ. Prac. & Rem. Code Ann. §§ 74.001–.507. The current statute has no official short title.

records does not satisfy the statutory requirement of service of the expert report.

Appellant James Rinkle M.D. appeals the trial court's denial of his motion to dismiss appellees William and Linda Graf's medical-liability suit against him. He argues the trial court erred in denying his motion to dismiss because he was not timely served with a copy of the Grafs' expert report as required by the TMLA. Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a). The Grafs did not serve Rinkle pursuant to Texas Rule of Civil Procedure 21a; therefore, we reverse the trial court's order denying the motion to dismiss and render judgment dismissing the Grafs' claims against Rinkle.

## I.    BACKGROUND

The Grafs sued Rinkle and asserted medical-liability claims governed by the TMLA arising from the medical care William Graf received after presenting in the emergency room of North Cypress Hospital vomiting blood. While under the care of Rinkle, Graf alleges that he suffered a stroke due to the improper placement of a "central line" catheter.

The Grafs filed a copy of their expert report in April 2021 before Rinkle had been served or appeared in the lawsuit. In June 2021, Rinkle filed his original answer. In November 2021, Rinkle filed a motion seeking dismissal of the Grafs' claims against him because the Grafs did not serve an expert report within 120 days after Rinkle filed his original answer as required by section 74.351. Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b). The trial court denied Rinkle's motion, and Rinkle now challenges that ruling in this interlocutory appeal. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(9) (interlocutory appeal allowed for denial of motion under section 74.351).

II.    ANALYSIS

In two issues, Rinkle argues the trial court erred by denying his motion to dismiss because the Grafs did not serve their expert report within the 120-day deadline provided by the TMLA.[2]

## A. Standard of review and governing law

We review a trial court's ruling on a motion to dismiss under section 74.351 for an abuse of discretion. *American Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 875 (Tex. 2001) (applying former Medical Liability and Insurance Improvement Act of Texas, Tex. Rev. Civ. Stat. art. 4590i, § 13.01(d), (e)); *University of Tex. Health Sci. Ctr. at Houston v. Joplin*, 525 S.W.3d 772, 776 (Tex. App.—Houston [14th Dist.] 2017, pet. denied). We defer to the trial court's factual determinations if they are supported by the record and review de novo questions of law involving statutory interpretation. *Stockton v. Offenbach*, 336 S.W.3d 610, 615 (Tex. 2011); *Joplin*, 525 S.W.3d at 776. The trial court abuses its discretion if it acts in an unreasonable and arbitrary manner or without reference to any guiding rules or principles. *Rivenes v. Holden*, 257 S.W.3d 332, 336 (Tex. App.—Houston [14th Dist.] 2008, pet. denied).

Because the trial court did not file findings of fact or conclusions of law, we uphold the trial court's ruling on any theory supported by the record and imply any

---

[2] Though Rinkle's briefing presents two issues for appellate review, issue two as drafted presents no error for this court to review: "Whether Plaintiffs' mere filing of an expert report and CV with district clerk's electronic file manager, without serving the report on Dr. Rinkle electronically or through another method authorized by Texas Rule of Civil Procedure 21a, is sufficient to effectuate service of an expert report under Texas Civil Practice and Remedies Code Section 74.351." *See Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (issues on appeal do not meet requirements of Texas Rules of Appellate Procedure if they do not point out any error allegedly committed by trial court); Tex. R. App. P. 38.1(f). Even though we do not reach issue 2 because it presents no error for this court to review, the legal question posed by issue 2 is related to and addressed in our resolution of issue 1.

findings of fact necessary to support its ruling. *Houston Methodist Hosp. v. Nguyen*, 470 S.W.3d 127, 129 (Tex. App.—Houston [14th Dist.] 2015, pet. denied).

"To proceed with a health care liability claim, a claimant must comply with the expert report requirement of the Texas Medical Liability Act." *University of Tex. Med. Branch at Galveston v. Callas*, 497 S.W.3d 58, 61 n.1 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). In relevant part, section 74.351 states:

> In a health care liability claim, a claimant shall, not later than the 120th day after the date each defendant's original answer is filed, serve on that party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted. The date for serving the report may be extended by written agreement of the affected parties.

Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a). Section 74.351's expert-report requirement is intended to inform the served party of the conduct called into question and to provide a basis for the trial court to conclude the claimant's claims have merit. *Hebner v. Reddy*, 498 S.W.3d 37, 41 (Tex. 2016); *Gardner v. U.S. Imaging, Inc.*, 274 S.W.3d 669, 671 (Tex. 2008) (per curiam).

Section 74.351 presents "a statute-of-limitations-type deadline within which expert reports must be served." *Ogletree v. Matthews*, 262 S.W.3d 316, 319 (Tex. 2007). If the claimant does not serve an expert report within section 74.351's 120-day deadline, the statute (on a motion from the affected physician or health care provider) requires dismissal of the claim with prejudice. Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b); *see also Joplin*, 525 S.W.3d at 778. Although the deadline can lead to "seemingly harsh results," *Ogletree*, 262 S.W.3d at 320, strict compliance with this provision is mandatory. *Zanchi v. Lane*, 408 S.W.3d 373, 376 (Tex. 2013); *see also Joplin*, 525 S.W.3d at 778; *Callas*, 497 S.W.3d at 63–64.

4

While section 74.351 does not define "serve," the TMLA provides that "[a]ny legal term or word of art used in this chapter, not otherwise defined in this chapter, shall have such meaning as is consistent with the common law." Tex. Civ. Prac. & Rem. Code Ann. § 74.001(b). Texas courts have interpreted the use of the word "serve" to invoke compliance with Texas Rule of Civil Procedure 21a. *See Stockton*, 336 S.W.3d at 615–16; *Nexion Health at Beechnut, Inc. v. Paul*, 335 S.W.3d 716, 718 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *University of Tex. Med. Branch at Galveston v. Durisseau*, No. 14-18-00314-CV, 2019 WL 5612933, at *3 (Tex. App.—Houston [14th Dist.] Oct. 31, 2019, no pet.) (mem. op).

It is also relevant to the issue in this appeal that a prior version of the TMLA used the word "furnish" instead of "serve" with respect to the expert report requirement. *Compare* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a) *with* Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 1, sec. 13.01(d), 1995 Tex. Gen. Laws 985, 986 (former Medical Liability and Insurance Improvement Act of Texas, Tex. Rev. Civ. Stat. art. 4590i, § 13.01(d)), *repealed* by Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884 ("Not later than the later of the 180th day after the date on which a health care liability claim is filed . . . the claimant shall, for each physician or health care provider against whom a claim is asserted: (1) furnish to counsel for each physician or health care provider one or more expert reports, with a curriculum vitae of each expert listed in the report."). "Given the express legislative intent of Chapter 74 and the intentional legislative act of replacing the word 'furnish' with 'serve' in section 74.351(a), we determine that proper service under rule 21a must occur to effectuate the intent of Chapter 74 as a whole, and section 74.351(a) specifically." *University of Tex. Health Sci. Ctr. at Houston v. Gutierrez*, 237 S.W.3d 869, 873 (Tex. App.—Houston [1st Dist.]

2007, pet. denied) (cited with approval by *Stockton*, 335 S.W.3d at 615). The effect of this change in the statutory language was to reduce the scope of factual disputes over whether a claimant delivered an expert report by "furnishing" it to whether claimant's delivery complied with the methods of "service" in the Texas Rules of Civil Procedure.

Rule 21a provides service may be completed in person, by mail, by commercial delivery service, by fax, by email, by electronic filing manager, or by another manner approved by the trial court. Tex. R. Civ. P. 21a(a).

**B**.     **There was no service on Rinkle**

The Grafs do not allege that they attempted any method of service described by Rule 21a.[3] *See* Tex. R. Civ. P. 21a. Instead, the Grafs argue Rinkle's lawyers had delivery and actual knowledge of the expert report because Rinkle's lawyers accessed the document on the district clerk's website. The Grafs offered evidence that login accounts associated with Rinkle's lawyers accessed the expert report on the district clerk's website.

Because the only evidence before the trial court conclusively established no service of the expert report occurred, the record does not support the trial court's implied finding that Rinkle was served with the expert report by the statutory deadline.

---

[3] Under Rule 21a, all notices other than the citation may be served in person, by mail, by commercial delivery service, by fax, by email, by electronic filing manager, or by another manner approved by the trial court. Tex. R. Civ. P. 21a(a). If notice is properly served in this manner, Rule 21a creates a presumption that the notice was received by the addressee. *See Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005) ("[N]otice properly sent pursuant to Rule 21a raises a presumption that notice was received."). However, the Grafs admit they did not attempt to serve Rinkle using any method described in Rule 21a. Therefore, the facts presented in this appeal do not result in any presumption that notice was received.

## C. Rinkle's actual knowledge of the report is not service

The Grafs argue that Rule 21a is not purely about form and argue that because Rinkle was able to access the documents on the district clerk's website that service was accomplished and Rinkle was not harmed. We now consider whether Rinkle's lawyers' review of the expert report on the district clerk's website constituted service of the report under the meaning of the TMLA.

Several of our sister courts have already concluded that filing an expert with the court clerk does not satisfy the requirements of Rule 21a or section 74.351(a).[4] *See Breiten v. Shatery*, 365 S.W.3d 829, 832 (Tex. App.—El Paso 2012, no pet.); *Thoyakulathu v. Brennan*, 192 S.W.3d 849, 851 n.3, 853–54 (Tex. App.—Texarkana 2006, no pet.) (holding that trial court abused its discretion in denying defendant's motion to dismiss when claimant filed its expert report with court but failed to timely serve it on defendant because of facsimile-machine malfunction); *see also Acosta v. Chheda*, No. 01–07–00398–CV, 2007 WL 3227650, at *2 (Tex. App.—Houston [1st Dist.] Nov. 1, 2007, pet. denied) (mem. op.) ("[F]iling an expert report with the district clerk does not satisfy 'service' on a party under section 74.351(a).").

Relying on language from this court's opinion in *Callas*, the Grafs argue that service was effective because they accomplished "actual, timely delivery despite using the incorrect method when the opposing party is unable to show harm." *See Callas*, 497 S.W.3d at 66 n.8. In *Callas*, the defendant argued that delivery of the expert report was not proper because the expert report was emailed by claimant

---

[4] This court has previously concluded that neither section 74.351 nor Rule 21 require expert reports to be filed with the trial court—as the Grafs did here—because expert reports are not pleadings, motions or applications. *Callas*, 497 S.W.3d at 65; *see* Tex. R. Civ. P. 21(a) (every "pleading, plea, motion, or application to the court for an order . . . must be filed with the clerk of the court"). However, while the expert report need not be filed, the TMLA requires the expert report to be served. Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a).

instead of filed with the electronic filing manager as required by Rule 21 for documents electronically filed. *Id*. at 64. This court disagreed and held that claimant accomplished timely delivery of the expert report through email, a permissible method of service, noting that expert reports are not required to be filed. *Id.* at 65–66. This court's holding in *Callas* is not applicable to the facts here because, in *Callas*, we confronted a situation in which a claimant had completed proper service pursuant to Rule 21a.

In contrast, this appeal does not present facts in which the Grafs utilized an incorrect method in attempting to serve Rinkle. *See Goforth v. Bradshaw*, 296 S.W.3d 849, 851 (Tex. App.—Texarkana 2009, no pet.) (undisputed that health care providers received expert report within deadline; providers challenged report's service through regular mail rather than registered or certified mail); *Spiegel v. Strother*, 262 S.W.3d 481, 482–83 (Tex. App.—Beaumont 2008, no pet.) (defendant acknowledged timely receipt of expert report but instead challenged claimant's use of private process server who left report with defendant's staff). This appeal presents facts in which the Grafs undertook no method of service or delivery. This court and others have already concluded that actual knowledge and receipt of the expert report is insufficient if service was not properly accomplished on each defendant. *See Joplin*, 525 S.W.3d at 781 (defendant's receipt of copy of expert report from another defendant does not satisfy claimant's mandatory duty of serving each defendant); *Gutierrez*, 237 S.W.3d at 873–74.

The plain language of the TMLA places the burden on the claimant to serve the report, not on the defendant to find the report. Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a). The TMLA also specifically states that if an expert report "has not been served within the period specified by Subsection (a), the court, on the motion of the affected physician or health care provider, **shall** . . . enter an order

that . . . dismisses the claim with respect to the physician or health care provider, with prejudice to the refiling of the claim." Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b) (emphasis added); *see generally* Code Construction Act, Tex. Gov't Code Ann. § 311.016(2) ("'Shall' imposes a duty."). The plain language of the TMLA creates a bright line rule for providing notice, and therefore due process, of a claimant's expert report.[5] *See Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84 (1988) ("Failure to give notice violates 'the most rudimentary demands of due process of law.'") (internal citation omitted); *University of Tex. Med. Sch. at Houston v. Than*, 901 S.W.2d 926, 929 (Tex. 1995) ("While the Texas Constitution is textually different in that it refers to 'due course' rather than 'due process,' we regard these terms as without meaningful distinction" and thus "have traditionally followed contemporary federal due process interpretations of procedural due process issues."); *see also* Tex. Const. art. I, § 19.

The TMLA's statutory framework further supports our conclusion. Service of the expert report using one of the methods outlined in Rule 21a establishes the deadline for the defendant to lodge objections to an expert report. Once served with an expert report, a "defendant physician or health provider whose conduct is implicated in a report must file and serve any objection to the sufficiency of the report not later than the later of the 21st day after the date the report is served or the 21st day after the date the defendant's answer is filed, failing which all objections are waived." Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a). The Grafs' argument would result in the actions of the defendant potentially determining the

---

[5] The Grafs also argue that Rinkle "hid behind the log" and did not make the Grafs aware that he had not been served with an expert report. While gamesmanship in TMLA suits has been denounced by Texas courts, Rinkle had no burden or duty to make the Grafs aware of their noncompliance. *See Joplin*, 525 S.W.3d at 782 ("The statute contains no exception based on the purported unprofessional conduct of opposing counsel or the alleged failure of opposing counsel to point out a service mistake.").

date for objections. Not only does acceptance of the Grafs' argument lead to the potential for uncertainty and further disputes between parties in determining the deadline for objecting to the sufficiency of expert reports, it also finds no support in the plain language of the TMLA.

Because the parties did not agree to extend the deadline, section 74.351 required the Grafs, not later than the 120th day after Rinkle filed his original answer, to serve Rinkle with the statutorily-required expert report and curriculum vitae. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a). Because they did not, the trial court abused its discretion when it did not to grant Rinkle's motion to dismiss. We sustain Rinkle's issue 1 on appeal.

### III.   CONCLUSION

Having sustained Rinkle's issue on appeal, we reverse the trial court's order denying his motion to dismiss and render judgment dismissing the Grafs' claims against Rinkle pursuant to section 74.351(b)(2).[6] Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b)(2). An award of reasonable attorney's fees and costs is required when a trial court dismisses a claimant's medical-liability claim for failing to serve an expert report. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b)(1). Following issuance of the mandate from this court, the trial court should address the award of reasonable attorney's fees and costs as part of signing a final judgment.

---

[6] Because this is an interlocutory appeal of the trial-court's order denying Rinkle's motion to dismiss, only that order is before this court—not the entire trial-court case. We do not remand the case to the trial court because the case is not before us. *Chappell Hill Sausage Co. v. Durrenberger*, No. 14-19-00897-CV, 2021 WL 2656585, at *5 n.6 (Tex. App.—Houston [14th Dist.] June 29, 2021, no pet.) (mem. op.).

/s/     Charles A. Spain
        Justice

Panel consists of Justices Zimmerer, Spain, and Hassan.