**AFFIRMED and Opinion Filed March 9, 2023**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-21-00474-CV

**ISRAEL A. GONZALEZ, Appellant**
**V.**
**TIMOTHY C. ABIGAIL AND DPM METROPLEX FOOT AND ANKLE,**
**Appellees**

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-08247**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Goldstein, and Smith
Opinion by Justice Pedersen, III

Appellant Israel A. Gonzalez appeals the trial court's March 29, 2021 Order on Defendants' Motion to Dismiss (the March 29 Order) dismissing appellant's health care liability claims with prejudice. In this Court, Gonzalez asks us to address (1) whether the trial court clerk notified him of certain trial court rulings, (2) whether appellees committed fraud on the court, (3) whether the trial court's rulings contained contradictions, (4) whether the record establishes that there were cumulative errors below, and (5) whether Gonzalez's medical expert report represented a good faith effort to comply with the requirements of chapter 74 of the

Texas Civil Practice and Remedies Code.[1] We affirm the trial court's March 29 Order.

## Procedural Background

Gonzalez filed a medical malpractice suit against appellees, alleging that Dr. Abigail was negligent in his treatment of Gonzalez's severe calcaneus (i.e., heel bone) fracture and that Abigail was at all relevant times an employee, agent, or servant of DPM Metroplex Foot and Ankle. Gonzalez claimed that Abigail misrepresented his experience with reconstructive surgery and then performed that surgery in a manner that caused Gonzalez permanent disabling injury.

Gonzalez's petition included a statement that he had had complied with the provisions of chapter 74 that required him to send appellees a notice of his claim and an authorization for the release of his medical records.[2] Appellees answered Gonzalez's petition on July 10, 2020, setting Gonzalez's initial obligation to file his chapter 74 expert report and the expert's curriculum vitae (CV) within 120 days.[3]

Gonzalez timely filed a report dated September 24, 2020; the report purported to be from American Medical Experts, LLC, but it identified no individual expert and was unsigned. Gonzalez filed no expert CV. Appellees objected to the report on

---

[1]  It is undisputed that Gonzalez's claim is a healthcare liability claim and is governed by chapter 74. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(13).

[2]  *See id.* §§ 74.051, 74.052.

[3]  *See id.* § 74.351(a).

these and other grounds and sought dismissal of Gonzalez's claim. In response, Gonzalez contended that appellees had delayed in producing his medical records and, as a result, he was "forced to serve an incomplete report in good faith." He acknowledged that the CV was not served, responded to certain substantive objections to the report, and asked for "a 30-day extension allowed by Texas rule 74.351[c]."

The trial court conducted a Zoom hearing on appellees' objections to the report and their motion to dismiss. On January 13, 2021, the trial court signed its Order Denying Defendant[s'] Motion to Dismiss (the January 13 Order). Eight days later, the trial court signed its Order Sustaining Defendants' Objections to Plaintiff's Chapter 74 Expert Report (the January 21 Order). After sustaining appellees' objections, the January 21 Order stated that "Plaintiff has thirty (30) days from the date of this Order to cure the deficiencies in the report, as outlined in Defendants' Objections."

When no amended report had been served, appellees filed their second motion to dismiss on March 10, 2021, and served the motion on Gonzalez. Gonzalez filed a response to the motion, contending that he had not received notice of the January 21 Order until he received appellees' second dismissal motion on March 11. Relying on section 74.351(c), Gonzalez asked the trial court to begin calculation of his 30-

day extension from that date.[4] Following a second Zoom hearing, the trial court granted appellees' motion and signed the March 29 Order dismissing Gonzalez's claims against appellees with prejudice.

Gonzalez filed a motion for reconsideration, which attached a signed and amended expert report. The motion was overruled by operation of law. This appeal followed.

## Discussion

Gonzalez raises five issues on appeal; all are related to the trial court's dismissal of his healthcare liability claim for failure to file an expert report that complied with chapter 74. We review that dismissal for an abuse of discretion. *Marks v. St. Luke's Episcopal Hosp.*, 319 S.W.3d 658, 665 (Tex. 2010) (citing *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios,* 46 S.W.3d 873, 875 (Tex. 2001)).

### *Lack of Notice of 30-Day Extension*

In his first issue, Gonzalez asserts that the clerk of the trial court failed to notify him of the January 21 Order, which had sustained appellees' objections to the expert report and had given Gonzalez thirty days to cure the deficiencies in the report. It is undisputed that the clerk sent a copy of the January 21 Order to the email address on file for Gonzalez. However, Gonzalez contends that the email address at

---

[4] *See id.* § 74.351(c) ("If the claimant does not receive notice of the court's ruling granting the extension until after the 120-day deadline has passed, then the 30-day extension shall run from the date the plaintiff first received the notice.").

issue belongs to his adult daughter, who was in town visiting on January 8 and helped Gonzalez connect with the Zoom hearing involving appellees' objections and the first motion to dismiss. Gonzalez states that he told the clerk that the email address being used was not his, that it could only be used for the January 8 Zoom hearing, and that he did not have an email address of his own. Nevertheless, it appears that the clerk thereafter transmitted all communications and documents to the parties via the email addresses used for the first Zoom hearing; Gonzalez claims that he never received any of those messages or documents. He explains that he only learned of the January 13 Order because he telephoned the clerk—sometime between January 13 and January 21—to find out whether there had been a ruling. When Gonzalez learned that the first motion to dismiss had been denied, he assumed that was the end of the proceeding. And he only learned of the January 21 Order when appellees served him with their second motion to dismiss based upon his failure to comply with that order.

Gonzalez argues that he "chose to be contacted via U.S. mail or cell phone" and that he is not obligated to "baby sit[] the court's website for appealable orders." Although Gonzalez does not ask for a specific remedy in this Court other than "remand," we understand him to request that we vacate the March 29 Order and remand the case for the trial court to evaluate his amended expert report for compliance with chapter 74.

Appellees acknowledge that Gonzalez was entitled to notice of the January 21 Order, but they contend he did receive that notice both by the clerk's email and by public notice via the trial court's online record portal. We agree in part.

(1) <u>Email Notice</u>

When Gonzalez filed suit, he became bound by the Texas Rules of Civil Procedure as well as the Local Rules of the Civil Courts of Dallas County, Texas (the Local Rules). *See Drum v. Calhoun*, 299 S.W.3d 360, 364 (Tex. App.—Dallas 2009, pet. denied) (pro se litigant required to follow same rules and laws as litigants represented by licensed attorney); *see also* Local Rule 4.05 ("All requirements of these rules applicable to attorneys or counsel apply with equal force to self-represented litigants."). The Local Rules specify the pro se litigant's obligation to assure proper communication with the trial court:

> Self-represented litigants are required to provide address*, email*, and telephone listings at which they can be reached by Court personnel and opposing counsel.

Local Rule 4.05 (emphasis added).[5] Thus, Gonzalez was required to provide the trial court clerk with an email address at which he could be reached. If Gonzalez was not able to be reached through his daughter's email, then it was his obligation to provide

---

[5] These three means of contact—address, email, and telephone—are required by both Texas and Local Rules for each pleading filed by a pro se party. TEX. R. CIV. P. 57 ("A party not represented by an attorney shall sign his pleadings, state his address, telephone number, email address, and, if available, fax number."); Local Rule 4.01 ("Every pleading of a party shall include the information required by TEX. R. CIV. P. 57.").

the clerk with another email address that would allow court personnel to reach him.[6]

*See id.* When Gonzalez did not provide a different email address to the clerk, the clerk could properly use the address on file. It is undisputed that the clerk sent the January 21 Order to Gonzalez at the email address on file and, therefore, properly and timely gave Gonzalez notice of his extension and deadline to cure deficiencies in the expert report.

### (2)   Public Database Notice

At the March 26 hearing, the following exchange took place:

> THE COURT: -- regarding the public database where you can access all of the court's orders and opposing counsel's motions and all of the documents in the court's file in this particular case.
>
> You do have access to the public database.
>
> Is that correct?
>
> MR. GONZALEZ: I'm able to look at that through my phone.

Appellees argue that—because Gonzalez acknowledged that he could access the public database—he received notice of the January 21 Order. However, we have not identified any provision in the rules, either Texas or Local, requiring a litigant to monitor a public database. We decline to impose such an obligation.

Regardless, Gonzalez *did* have an obligation to provide an email address that would allow court personnel to reach him. Trial court personnel did not err in

---

[6] We place no obligation upon Gonzalez's daughter, a stranger to this litigation, to provide information to anyone. Any understanding between her and Gonzalez to share—or not to share—information received on her email address was a decision for the two of them. But the clerk could only employ the address he was provided.

employing the single address Gonzalez provided to notify him of the January 21 Order. And the trial court did not abuse its discretion in dismissing the case based on Gonzalez's argument of lack of notice. We overrule his first issue.

### *Fraud on the Court*

In his second issue, Gonzalez asserts that appellees committed a fraud on the trial court. Gonzalez quotes unnamed authorities addressing fraud on the court—and fraud generally—as independent causes of action, which appellees correctly assert were not raised by Gonzalez below. However, we understand his appellate issue to address what he characterizes as a misrepresentation to the trial court during the March 26 hearing on appellees' second motion to dismiss. Gonzalez refers to a March 24, 2021 email, apparently sent from his adult daughter, who owns the email address at issue in this case. The email is attached as an exhibit to Gonzalez's motion for reconsideration. It is addressed to appellees' counsel and to the trial court's clerk and states:

> This is not Israel Gonzalez email address. This email was used for zoom purposes only. Mr Gonzalez does not have access to this email. This is the 2nd time I have notified [appellees' counsel] about this. Please do not send anymore information regarding Mr. Gonzalez to this email. I will be notifying the court about this. This is my work email. I do not have time to notify Mr. GONZALEZ about this email. Please make other arrangements.

The exhibit includes a response from appellees' counsel, apologizing for "replying all" to the clerk's prior email (which is not included in the exhibit).

Gonzalez's specific complaint under this issue relates to counsel's statements at the March 26 hearing that "no one ever contacted her or responded to her about the said email address" and that "no one knew about the email address especially not the court staff." According to Gonzalez, given the email quoted above, counsel's statements were "a derailment of the justice system" because the trial court relied on these statements and dismissed his case.

Our review of the record shows the context of these allegedly fraudulent remarks. Counsel addressed at some length the substance of the January 8 hearing, stressing that Gonzalez had participated at that hearing. She noted that after the January 13 Order, appellees' objections to the expert report were still pending, as was Gonzalez's own request for a 30-day extension. She asserted that Gonzalez's arguments were "not competent evidence before the Court that he was not aware of the January 21st order." And at that point in her argument, having focused on the events of January—the substance of the January 8 hearing, the issues that remained pending, the absence of evidence that Gonzalez had not received the January 21 Order—she asserted that neither she nor court personnel knew that the email address was not a reasonable way to inform Gonzalez of that January 21 Order. Counsel's receipt of an email in March from Gonzalez's daughter had no bearing on her remarks about Gonzalez's notice of an order signed months before in January. The record does not support Gonzalez's claim of misrepresentation or fraudulent intent.

We overrule Gonzalez's second issue.

### *Conflicting Orders*

Although Gonzalez identifies "contradictions" in the trial court's rulings as his third issue, he does not brief that issue specifically. Because he does complain that he believed the expert report issue was completely resolved by the January 13 Order, we understand this issue to contend that the January 13 and January 21 Orders are contradictory. We reject this contention.

Appellees filed their pleading titled Objections to Plaintiff's Chapter 74 Expert Report and Motion to Dismiss. They asserted their objections and argued that the proffered report was so deficient that it amounted to no report at all. If the trial court agreed, it could have granted the motion to dismiss at that point in the litigation. *See* CIV. PRAC. & REM. § 74.351(b)(2). But in response, Gonzalez requested a 30-day extension to cure deficiencies in his report.[7] The court could grant one such extension to Gonzalez if it concluded that "elements of the report [were] found deficient." *See id.* § 74.351(c). The court's January 13 Order addressed—and denied—appellees' motion to dismiss. The court's January 21 Order sustained objections but granted the 30-day opportunity to cure those objections. The two orders operated as chapter 74 intended. They were not contradictory.

We overrule Gonzalez's third issue.

---

[7] Gonzalez acknowledged that he had filed an incomplete report and that he had not served the expert's CV.

### *Cumulative Error*

In his fourth issue, Gonzalez contends that there were cumulative errors in the trial court proceeding. The doctrine of cumulative error applies when the record establishes a number of errors, no one of which is sufficient to support reversal, but—if considered together—might do so. *Wyatt v. Turbo Restaurants, LLC*, No. 05-20-00456-CV, 2022 WL 3908548, at *6 (Tex. App.—Dallas Aug. 31, 2022, no pet.) (mem. op.). However, we have identified no error in the record before us. "When there are no errors, we reject cumulative error arguments." *In re BCH Dev., LLC*, 525 S.W.3d 920, 930 (Tex. App.—Dallas 2017, orig. proceeding).

We overrule Gonzalez's fourth issue.

### *Adequacy of Amended Report*

In his fifth issue, Gonzalez asks us to consider his amended expert report and to conclude that it was a good faith effort to satisfy chapter 74's standards. Gonzalez's briefing on this subject asserts only that "[t]he report is done in good faith, covering all 4 corners of the chapter 74 requirement." He argues, and we agree, that chapter 74 is not intended to dispose of lawsuits with merit. *See Abshire v. Christus Health Se. Tex.*, 563 S.W.3d 219, 223 (Tex. 2018) ("We have previously explained that the purpose of the expert report requirement is to weed out frivolous malpractice claims in the early stages of litigation, not to dispose of potentially meritorious claims."). However, "[I]n accordance with that purpose, the Act

provides a mechanism for dismissal of the claimant's suit in the event of an untimely or deficient report." *Id*. (citing CIV. PRAC. & REM. § 74.351(b)).

In this case, the trial court dismissed Gonzalez's claims for failure to file an amended expert report after he was granted thirty days to do so. By failing to timely cure deficiencies in the original report, Gonzalez gave the trial court no option but to dismiss his claims. *See* CIV. PRAC. & REM. § 74.351(b); *see also Nexion Health at Beechnut, Inc. v. Paul*, 335 S.W.3d 716, 718 (Tex. App.—Houston [14th Dist.] 2011, no pet.). "The issue of timeliness is a threshold issue in the expert report framework the Legislature enacted." *Rosemond v. Al-Lahiq*, 331 S.W.3d 764, 767 (Tex. 2011). Once it is determined that a report was not timely served, the adequacy of the report becomes a moot point. *Id.* Having concluded that Gonzalez failed to file a timely amended report, the trial court did not review the amended report's adequacy. Likewise, we may not review the adequacy of that report.

We overrule Gonzalez's fifth issue.

## Conclusion

We have overruled each of Gonzalez's issues. We affirm the trial court's March 29 Order.

/Bill Pedersen, III/
BILL PEDERSEN, III
JUSTICE

210474F.P05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

ISRAEL A. GONZALEZ, Appellant

No. 05-21-00474-CV      V.

TIMOTHY C. ABIGAIL, DPM
METROPLEX FOOT AND ANKLE,
Appellees

On Appeal from the 160th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-20-08247.
Opinion delivered by Justice
Pedersen, III. Justices Goldstein and
Smith participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees Timothy C. Abigail and DPM Metroplex Foot and Ankle recover their costs of this appeal from appellant Israel A. Gonzalez.

Judgment entered March 9, 2023

.