**Affirmed and Memorandum Opinion filed August 1, 2024.**



In The

# Fourteenth Court of Appeals

### NO. 14-23-00391-CV

## ANTHONY L. HUTCHISON, Appellant

## V.

## KENSINGTON STATION, LLC, Appellee

**On Appeal from the County Civil Court at Law No. 3**
**Harris County, Texas**
**Trial Court Cause No. 1201868**

## MEMORANDUM OPINION

Anthony L. Hutchison appeals from a final judgment and order of possession entered in a forcible detainer action after a foreclosure sale. Appellee Kensington Station, LLC bought property formerly owned by Hutchison at a foreclosure sale and then brought this forcible detainer action. On appeal, Hutchison contends that the junior lien that was foreclosed upon had been extinguished by a prior foreclosure sale on a senior lien. Because the record does not contain any evidence supporting Hutchison's contention, we affirm.

## *Background*

On September 6, 2022, Kensington purchased the residential property located at 4241 Purdue Street in Houston, Texas at a foreclosure sale involving a deed of trust executed by Hutchison. Kensington's attorney subsequently sent a notice to vacate to Hutchison and all other occupants of the property. When Hutchison failed to vacate, Kensington filed the present forcible detainer action in justice court. The justice court held a bench trial, at which Hutchison failed to appear, and then issued a default judgment.

Hutchison appealed the justice court judgment to the county court at law de novo. In the county court, Hutchison filed an amended answer, which included verified denials alleging that Hutchison was current in paying a senior lien on the property, Kensington was "not a bona fide third person entitled to possession and only took title subject to the rights of the senior lien holder," and Kensington was not "entitled to possession on the basis of purchasing a junior lien at a contested foreclosure sale."

The county court held a bench trial, during which only Kensington offered any evidence. Kensington offered three exhibits that were admitted into evidence: (1) the deed of trust executed by Hutchison, which included a tenants-at-sufferance provision; (2) the foreclosure sale deed showing Kensington as the purchaser; and (3) the notice to vacate addressed to Hutchison and other occupants. The sole member and owner of Kensington also testified regarding the foreclosure sale purchase and confirmation of delivery of the notice to vacate. On cross-examination by Hutchison's counsel, she acknowledged that she had performed a title search and that there was a first mortgage or lien on the property and Kensington had "purchased the second mortgage." During closing argument, Hutchison's counsel asserted that Hutchison was current in paying on the senior

2

lien. After trial, the county court issued a final judgment and order of possession in Kensington's favor. Neither party requested, and the trial court did not enter, findings of fact or conclusions of law.

In his brief, Hutchison also notes that after judgment issued in this case, he filed a lawsuit regarding title to the property in district court, and he quotes over two pages of material from his petition in that case. In the quoted material, Hutchison alleges that a senior lien on the property had previously been foreclosed upon, thus extinguishing the junior lien, but the foreclosure was subsequently rescinded in a court proceeding. Hutchison alleges, however, that while he then continued to pay on the primary mortgage, he did not receive any reinstatement documents from the secondary mortgage holder, which ultimately foreclosed on the property, leading to the purchase by Kensington. Hutchison attached a purported copy of this pleading as an appendix to his brief. Kensington has moved to strike this appendix and any references to it in Hutchison's brief.

In two issues, Hutchison contends that (1) the foreclosure sale at which Kensington bought the property was a nullity and void, and, therefore, (2) title never passed to Kensington. As mentioned above, Hutchison's contention under these issues is that the junior lien that was foreclosed upon had been extinguished by a prior foreclosure sale on a senior lien. We will begin our analysis by setting forth the standards governing our review as well as the law governing forcible detainer actions. We will then turn to the issues presented in this appeal.

### *Governing Law*

**Standards of review.** When, as here, the trial court does not file findings of fact and conclusions of law following a bench trial, we infer all findings necessary to support the judgment and will affirm on any legal ground supported by the record. *See BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex.

2002). When the appellate record includes both the reporter's and clerk's records, the implied findings are not conclusive and may be challenged for legal and factual sufficiency. *See id*. We review the trial court's findings for legal sufficiency of the evidence using the same standards applied in reviewing the evidence supporting a jury's findings. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994). We review the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support it, crediting favorable evidence if a reasonable fact finder could do so and disregarding contrary evidence unless a reasonable fact finder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 822, 827 (Tex. 2005).

**Forcible detainer actions.** A forcible detainer action is a procedure used to determine the right to immediate possession of real property if there is no unlawful entry. *Fed. Home Loan Mortg. Corp. v. Pham*, 449 S.W.3d 230, 233 (Tex. App.—Houston [14th Dist.] 2014, no pet.). It is designed to be a speedy, simple, and inexpensive means to obtain immediate possession. *Id*. at 235. The only issue in an action for forcible detainer is the right to actual possession; the merits of title are not adjudicated. *Id*. at 233. Thus, a judgment of possession in a forcible detainer action is a determination only of the right to immediate possession and does not determine the ultimate rights of the parties to any other issue in controversy relating to the property. *Id*. at 235. Indeed, justice courts do not have jurisdiction to adjudicate title to land and neither does a county court exercising appellate jurisdiction in a forcible detainer action. *Salaymeh v. Plaza Centro, LLC*, 264 S.W.3d 431, 435 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

When there are issues concerning both title and possession, the issues may be litigated in separate proceedings in different courts with appropriate jurisdiction. *Id*. at 436. However, when a forcible detainer action presents a genuine issue of

4

title so intertwined with the issue of possession that a trial court would be required to determine title before awarding possession, then a justice court lacks jurisdiction to resolve the matter. *See Pinnacle Premier Props., Inc. v. Breton*, 447 S.W.3d 558, 564 (Tex. App.—Houston [14th Dist.] 2014, no pet.). "Accordingly, a justice court is not deprived of jurisdiction merely by the existence of a title dispute; it is deprived of jurisdiction only if resolution of a title dispute is a prerequisite to determination of the right to immediate possession." *Salaymeh*, 264 S.W.3d at 435.

Under the Texas Property Code, a person who refuses to surrender possession of real property on demand commits a forcible detainer if the person is a tenant by sufferance. Tex. Prop. Code § 24.002(a)(2). Section 24.002 also provides that a landlord must make a written demand for possession and comply with section 24.005's requirements for a notice to vacate. *Id*. § 24.002(b); *see also* § 24.005(h) (providing that a notice to vacate is considered a demand for possession for purposes of section 24.002(b)).

### *Analysis*

As set forth above, Kensington presented evidence at trial that it had purchased the property in question at a foreclosure sale involving a deed of trust signed by Hutchison that contained a tenants-at-sufferance clause and Kensington subsequently provided Hutchison with notice to vacate, which he declined to do. In his appeal, Hutchison really does not dispute this evidence; instead, he asserts that the foreclosure sale was a nullity because the junior lien had been extinguished by a prior foreclosure on a senior lien. *See generally I-10 Colony, Inc. v. Lee*, 393 S.W.3d 467, 472 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) (explaining that foreclosure on a senior lien extinguishes a junior lien if there are insufficient excess proceeds from the sale to satisfy the junior lien, but under most circumstances, foreclosure on a junior lien does not extinguish a senior lien and the

purchaser at the foreclosure sale takes subject to the senior lien). Although Hutchison does not frame his argument as jurisdictional in nature, it has potential implications both in regard to jurisdiction (because it could mean that there was a title dispute intertwined with the question of possession) and as to the question of possession. *See generally Pinnacle Premier*, 447 S.W.3d at 564; *Salaymeh*, 264 S.W.3d at 435.

In support of his assertions regarding a prior foreclosure sale, however, Hutchison cites only to statements contained in a petition that he allegedly filed in district court after the conclusion of the present case in county court. Statements in a pleading, of course, are not evidence; *see, e.g.*, *Laidlaw Waste Sys. (Dall.), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995), *Turman v. POS Partners, LLC*, 541 S.W.3d 895, 903 (Tex. App.—Houston [14th Dist.] 2018, no pet.); but the fact that another case was filed disputing title arguably could have jurisdictional implications for the present case—if Hutchison demonstrated such a case actually exists. *See Pinnacle Premier*, 447 S.W.3d at 564; *Salaymeh*, 264 S.W.3d at 435. Hutchison attached a copy of the purported petition to his brief but does not request that we take judicial notice of it.

We cannot consider evidence attached to briefs that is not contained in the appellate record. *See, e.g.*, *Tex. Windstorm Ins. Ass'n v. Jones*, 512 S.W.3d 545, 552 (Tex. App.—Houston [1st Dist.] 2016, no pet.); *Nexion Health at Beechnut, Inc. v. Paul*, 335 S.W.3d 716, 719 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *see also* Tex. R. App. P. 34.1 (listing components of appellate record). To the extent Hutchison's briefing can be interpreted as a request that we take judicial notice of the pleading, we cannot do so in this case. While courts may take judicial notice of certain matters at any time, even on appeal, as a general rule, appellate courts do so only when required to determine their appellate jurisdiction in a case

or to resolve matters ancillary to decisions which are mandated by law, such as the calculation of prejudgment interest when the court renders judgment. *Niti Props. LLC v. Arthur*, No. 14-20-00770-CV, 2022 WL 220209, at *4 (Tex. App.—Houston [14th Dist.] Jan. 25, 2022, no pet.) (mem. op.); *Soto v. Pantalion*, No. 01-20-00321-CV, 2021 WL 2931363, at *2, n.2 (Tex. App.—Houston [1st Dist.] July 13, 2021, no pet.) (mem. op.). The present case does not present proper circumstances for taking judicial notice of pleadings in another case. *See Niti Props.*, 2022 WL 220209, at *4 (declining to take judicial notice in a forcible detainer action of a settlement agreement and agreed judgment in another case); *Soto*, 2021 WL 2931363, at *2 (declining to take judicial notice in a forcible detainer action of several pleadings from other cases).

Hutchison's brief also contains citations to his counsel's statements at trial and to the testimony of Kensington's owner concerning the existence of a senior lien, but neither the statements nor the testimony suggests that there was a prior foreclosure on the senior lien. Indeed, nothing in the appellate record before us suggests that the trial court lacked jurisdiction to consider this matter or indicates that Kensington did not legally acquire title to the property at the foreclosure sale. Accordingly, we overrule Hutchison's issues. Because we cannot and do not consider the pleading attached to Hutchison's brief for any purpose in this appeal, we also deny Kensington's motion to strike as moot. *See, e.g.*, *Repsol Oil & Gas USA, LLC v. Matrix Petroleum, LLC*, No. 04-18-00411-CV, 2023 WL 8897012, at *6, n.7 (Tex. App.—San Antonio Dec. 27, 2023, no pet.).

We affirm the trial court's judgment.

/s/    Frances Bourliot
Justice

Panel consists of Justices Jewell, Bourliot, and Poissant.